618 P.2d 1095

Robert Allen CHRISTY and Vickie Jo Christy, husband and wife, and Mones Jack Pleason and Ann B. Pleason, husband and wife, Plaintiffs/Appellees,

v.

Jay HOKE, a single man, Defendant/Appellant.

No. 2 CA–CIV 3591.

Court of Appeals of Arizona, Division 2.

Sept. 10, 1980.

Rehearing Denied Oct. 8, 1980.

Review Denied Oct. 28, 1980.

Higgins & Sinema by Dan A. Sinema, Tucson, for plaintiffs/appellees.

Lesher, Kimble & Rucker, P. C. by Monte C. Clausen, Tucson, for defendant/appellant.

## OPINION

HATHAWAY, Chief Judge.

Plaintiffs/appellees brought this suit against defendant/appellant in two counts. In count one, they alleged that appellant had breached an oral agreement under which appellees were to receive an easement for a septic system across appellant's land. In count two, appellees alleged a right to a private way of necessity pursuant to A.R.S. Sec. 12–1202.

The trial court, sitting without a jury, found that there was an agreement between the parties which had been breached by appellant and that appellees were entitled to an easement across appellant's property for the purpose of laying a septic system.

On appeal, appellant contends that the trial court erred (1) in finding that an agreement regarding the septic system existed between appellee Pleason and appellant, and (2) in finding that an agreement regarding the septic system existedbetween appellee Robert Christy and appellant. We affirm.[1]

█ No findings of fact were requested or made and it is assumed that the trial court found every controverted issue of fact necessary to sustain the judgment. *Neal v. Neal*, 116 Ariz. 590, 570 P.2d 758 (1977). We view the evidence most favorably to appellees, *Bates & Springer of Arizona, Inc. v. Friermood*, 109 Ariz. 203, 507 P.2d 668 (1973), and if there is any reasonable evidence to support the judgment, we will affirm. *Polk v. Koerner*, 111 Ariz. 493, 533 P.2d 660 (1975). Appellant acknowledged this agreement with William Christy and he considered William and Robert Christy as a single entity. Appellant testified that Pleason was a representative for Bill Christy and himself and merely held legal title for them. No objection was made to Pleason's appearance even though he was not the equitable owner of the property. The agreement between the equitable owners is sufficient to support the judgment in favor of the holder of the bare legal title. *Larsen v. Sjogren*, 67 Wyo. 447, 226 P.2d 177 (1951); *McNeil v. McLain*, 272 S.W.2d 573 (Tex.Civ.App.1954).

█ Appellees also contend that appellant is estopped to deny that an agreement existed under the doctrine of promissory estoppel. William Christy testified that he did not become aware that appellant did not intend to grant the easement until after substantial expense was incurred in the construction of Robert Christy's house and the septic system had been installed. Accordingly, we find that the judgment in favor of Robert Christy is also sustainable under the doctrine of promissory estoppel. *Waugh v. Lennard*, 69 Ariz. 214, 211 P.2d 806 (1949).

The judgment is affirmed.

HOWARD and RICHMOND, JJ., concur.

---

1. The Statute of Frauds, A.R.S. Sec. 44–101(6), was not pleaded as a defense in this case.