The STATE of Utah, Plaintiff
and Respondent,

v.

Lynn Dell NOREN, Defendant
and Appellant.

No. 16018.

Supreme Court of Utah.

Nov. 19, 1980.

Herschel Bullen, David M. Bown, Ronald J. Yengich of O'Connell & Yengich, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice.

The defendant appeals his conviction for fraudulent handling of a recordable document. We modify the judgment and remand the case to the District Court for an entry of judgment of conviction for the lesser included offense of tampering with records. All statutory references are to Utah Code Annotated, 1953, as amended.

The defendant, Lynn Dell Noren, hereinafter "Noren," owned and operated a used car sales lot in Salt Lake County. The operation of this business included the procurement of used cars at auto auctions held in various western states. Initially, the financing of these out of state purchases was handled by a local bank. The bank would receive and hold the title of the automobiles until the defendant deposited with them the sale price.

This procedure, however, necessitated payment to the bank prior to the defendant's sale of the automobile. After experi-

encing some difficulty with this pre-payment arrangement, the defendant established his own financing company. Employing the financing company the defendant could receive title to the automobiles prior to any payment to the seller. Thus, the defendant could re-sell the various automobiles before paying the out of state dealer from whom he received the cars.

After drafting Articles of Incorporation for this financing company, the defendant forged the signatures of two of the three required incorporators and filed the Articles with the Secretary of State as required by 16–10–50. To initiate operation of the new financing company, the defendant told his buying agent to ask the out of state dealers to send the titles for the purchased automobiles to the financing corporation. The testimony at trial revealed the defendant also told his agent to inform these dealers the financing corporation was created by a group of local business men and had been dealing with the defendant for a year and a half.

Following the receipt of several automobiles through this financing arrangement and the defendant's failure to pay the various dealers for those automobiles, criminal charges were brought against him. Although four counts of a five-count indictment were subsequently dropped, Noren was tried and convicted by a jury verdict of the fraudulent handling of recordable writings. This conviction was based upon his forgery of the signatures on the financing company's Articles of Incorporation, which were filed with the Secretary of State.

The crime of fraudulent handling of recordable writings is proscribed in 76–6–503 which provides:

"Any person who, with intent to deceive or injure anyone falsifies, destroys, removes, or conceals any will, deed, mortgage, security instrument, or other writing for which the law provides public recording is guilty of fraudulent handling of recordable writings."

The trial court concluded Articles of Incorporation fall within the purview of the clause "other writings for which the law provides public recording." We disagree.

■ Even though Articles of Incorporation become part of the public record after they are filed as required by Article XII, Sections 9 and 16–10–50, there exists no statutory or constitutional requirement that the Articles of Incorporation be "recorded." Although the words "file" and "record" have occasionally been used somewhat interchangeably [1] they have more frequently been interpreted as implying or requiring different things.[2] "Recorded" has been held to signify "copied or transcribed into some permanent book"[3] while "filing" signifies merely delivery to the proper official.[4]

This distinction between the two terms is explicitly recognized by the legislature in 17–21–1, et seq. Thus, in 17–21–3, the legislature sets out the methods for recordation by the County Recorder by stating:

"He must, on the payment of the fees for the same, record in books provided for the purpose in a fair hand or by means of a typewriter, camera, microfilm or other methods, all papers, documents, records and other writings required or permitted by law to be recorded."

Then, in recognition of the distinction between the terms "recorded" and "filed" the legislature in 17–21–20 requires:

"All papers, notices and instruments of writing required by law to be filed in the office of the County Recorder, shall be recorded unless otherwise provided."

1. See *Haverell Distributors v. Haverell Manufacturing Corp.*, 115 Ind.App. 501, 58 N.E.2d 372 (1944).

2. See *Maryland Department of Natural Resources v. Hirsch*, 42 Md.App. 457, 401 A.2d 491 (1979); see also *The Washington*, 16 F.2d 206 (2nd Cir. 1926); *In Re Labb*, 42 F.Supp. 542 (W.D.N.Y.1941).

3. *Beatty v. Hughes*, 61 Cal.App.2d 489, 492, 143 P.2d 110, 111 (1943).

4. See *Maryland Department of Natural Resources*, supra note 2, at 502.

In requiring all writings filed with the County Recorder must also be recorded the legislature imputes a distinct and different meaning to the two terms.

This distinction must be recognized in applying 16–10–50 in which the legislature requires the filing of Articles of Incorporation with the Secretary of State. If the legislature intended to place these writings in the category of recordable instruments, they would have done it expressly as they did in 17–21–20. The court is not inclined to ignore this obvious distinction in the legislative usage of these terms and apply them as synonymous. Therefore, the filing requirement found in 16–10–50 is not equivalent to a "recording" of the Articles of Incorporation.[5]

■ Thus, because 16–10–50 requires Articles of Incorporation to be filed and not recorded, they are not "writings for which the law provides public recording" and do not fall within the scope of 76–6–503.

■ However, the writings do fall within the perimeters of 76–6–504 which prescribes the lesser offense of tampering with records. Although Noren could not lawfully be convicted of violating Section 76–6–503 due to this failure to falsify a recorded document or writing, the evidence presented at trial was sufficient to establish beyond a reasonable doubt his guilt of the lesser included offense of tampering with records in violation of 76–6–504.[6]

Pursuant to the power vested in this Court by 76–1–402(5), we modify the conviction of the defendant and remand this case for the entry of judgment of conviction for the misdemeanor of tampering with records and proper sentencing thereunder.[7]

The defendant's other contentions on appeal are non-meritorious.

WILKINS, J., concurs.

STEWART, J., dissents.

CROCKETT, Chief Justice (concurring with comments):

I concur with the main opinion, and in doing so, offer further explanatory comments. The crime proscribed by Sec. 76–6–503 has these essential elements: (1) the falsification, (2) with intent to deceive or injure others, (3) of certain named documents, (4) for which the law provides for public recording. The succeeding section, 504, contains each of the elements of the crime for other documents, but omits element no. 4 above. Thus, if the defendant's act offended against three of the four elements, but not the fourth, he could be found guilty of the lesser offense.

A person accused of crime is entitled to a liberal construction of a statute in his favor and, correlatively, can be found guilty of an offense only if it is clear beyond a reasonable doubt that his conduct comes within the prohibitions of the statute. It seems to me that it requires a somewhat strained rationalization of the statutes involved to postulate that articles of incorporation are documents "for which the law provides public recording." Therefore, as the main opinion indicates, the trial court should have found the defendant guilty of the lesser offense, as permitted by Sec. 76–3–402; and this Court can correct that judgment as permitted by Sec. 77–42–3, U.C.A.1953.

---

5. Merrill on Notice explains this distinction at Section 1056 which states: "Speaking generally, there are two ways of preserving instruments in the public archives as a source of notice. One is recording, that is, making a copy of a substantial abstract of the instrument as a part of the public record, the documents then being returned to the person entitled to its possession. The other is filing, that is, retaining the paper itself permanently in the files of the appropriate office. Which method is requisite depends upon the terms of the applicable statute." See 17–21–13 and 16–10–50(2).

6. An offense is a lesser included offense when it is established by proof of less than all the facts required to establish the commission of the offense charged. See *State v. Cornish*, Utah, 568 P.2d 360, 361 (1977). Violation of both 76–6–503 and 76–6–504 require intentional or knowing falsification of writings or records with an intent to deceive or injure.

7. See *People v. Codding*, 191 Colo. 168, 551 P.2d 192 (1976); *People v. Serrato*, 9 Cal.3d 753, 109 Cal.Rptr. 65, 512 P.2d 289 (1973); *State v. Haggard*, 89 Idaho 217, 404 P.2d 580 (1965).

HALL, Justice (dissenting):

I respectfully dissent.

U.C.A., 1953, 76–6–503 provides as follows:

(1) Any person who with intent to deceive or injure anyone falsifies, destroys, removes, or conceals any will, deed, mortgage, security instrument, or other writing for which the law provides public recording is guilty of fraudulent handling of recordable writings.

(2) Fraudulent handling of recordable writings is a felony of the third degree.

Whereas, U.C.A., 1953, 76–6–504 provides:

(1) Any person who, having no privilege to do so, knowingly falsifies, destroys, removes, or conceals any writing, other than the writings enumerated in section 76–6–503, or record, public or private, with intent to deceive or injure any person or to conceal any wrongdoing is guilty of tampering with records.

(2) Tampering with records is a class B misdemeanor.

A comparison of the foregoing statutes readily reveals that they do not proscribe the same conduct. This is apparent in the fact that Section 503 proscribes the falsification of those writings which may *by law* become part of the *public record*, whereas Section 504 proscribes the falsification of all other writings of lesser dignity and importance, not enumerated in said Section 503.

Inasmuch as said statutes address wholly separate subject matter, it necessarily follows that the *elements* of the respective offenses provided for therein are not the *same.* Consequently, it is not to be concluded that the lesser offense is included within the greater.

"Included offenses" are only those which may be established by proof of the *same* or *less* than all of the facts required to establish the commission of the offense charged.[1]

Irrespective of the foregoing, the majority opinion concludes to the contrary, doing so by a strained interpretation of the terms "file" and "record." Aside from any neat interpretation of those terms, the inescapable fact remains that the term "file" is defined as a *record,*[2] and a document is said to be filed when it is delivered to the proper officer and by him received to be kept on *file* as a matter of *record* and reference.[3]

The term "record" is defined as an authentic official copy of a document entered in a book or deposited in keeping of an officer designated by law.[4] A "public record" is defined as a record, memorial of some act or transaction, written evidence of something done, or document, considered as either concerning or interesting the public, affording notice or information to the public, or open to public inspection; any writing prepared, owned, used or retained by an agency in pursuance of law or in connection with the transaction of public business.[5]

The foregoing definitions aptly describe and encompass articles of incorporation as concern us here, and the "filing" thereof with the secretary of state certainly constitutes a "writing for which the law provides public recording" within the contemplation of said Section 503. The primary purpose of the statutory requirement that articles of incorporation be filed,[6] aside from the necessity thereof to effect corporate status itself, is to preserve a duplicate original of the articles in the office of the secretary of state which may be relied upon by the public as a permanent record.[7]

Of further support of my view of this matter is the comparability in dignity and importance of articles of incorporation to wills, deeds, mortgages and security instruments which are specifically delineated in Section 503 as "recordable writings."

---

1. As provided by U.C.A., 1953, 76–1–402(3).

2. Black's Law Dictionary, Fifth Edition.

3. Id.

4. Id.

5. Id.

6. Provided for *by law* in U.C.A., 1953, 16–10–50.

7. See U.C.A., 1953, 16–10–134 providing that certified copies are admissible as prima facie evidence.

There is, of course, no law which provides for the recordation of wills, at least in the sense of *delivery* of the same to a county recorder for *filing* and subsequent *recording*.[8] However, a will may be *deposited* with the county clerk for safekeeping,[9] and by the explicit terms of Section 503, such would become a "public recording" thereof.

In the case of deeds, mortgages and security instruments, the law specifically permits their deposit with the county clerk for filing and recordation, all of which serves the purpose of imparting notice.[10] However, security instruments are of two types: those which secure interests in realty and those which secure interests in personalty. The former are properly *deposited* with and thereafter *filed* and *recorded* by the county recorder,[11] while the latter are simply *deposited* with and thereafter *filed* by the secretary of state.[12] Certainly in the case of the latter, it cannot be said that the filing thereof by the secretary of state can be anything less than a "public recording" thereof within the meaning of Section 503, *supra*.

In light of the foregoing analysis, it is to be observed that the Legislature has recognized other means of "public recording" short of, in all instances, requiring recordation *by a county recorder*. Consequently, I attach no significance to the fact, as observed in the main opinion, that the Legislature did not see fit to expressly categorize articles of incorporation as a "recordable writing."

In the same vein, it is of note that, in general, there is no absolute *requirement* of recordation of *any* writing, either by the county recorder, or others. The law only makes *provision* therefor. On the other hand, there is no legal prohibition against the recordation of *any* writing by the county recorder, including articles of incorporation, so long as one advances the fees therefor.

The only significant issue on appeal being whether articles of incorporation rise to the level of a "writing for which the law provides public recording," I would rule that they do and therefore affirm the conviction and judgments of the trial court.

---

**8.** As provided by U.C.A., 1953, 17–21–20.

**9.** Pursuant to the provisions of U.C.A., 1953, 75–2–901.

**10.** See U.C.A., 1953, 57–1–6 and 57–3–2.

