873 P.2d 665

Hamilton Dan CRYE, Plaintiff–Appellee,

v.

Judy EDWARDS, formerly known as ,Judy Dennis, Defendant–Appellant.

No. 1 CA–CV 91–423.

Court of Appeals of Arizona, Division 1, Department D.

Oct. 14, 1993.

Review Denied May 17, 1994. ·

James M. LaGanke, P.C. by James M. LaGanke, Phoenix, for plaintiff/appellee.

Tiffany & Hoffmann, P.A. by William J. Simon, Phoenix, for defendant/appellant.

## OPINION

FIDEL, Judge.

This case concerns the superior court's power under Rule 60(a) of the Arizona Rules of Civil Procedure to correct an omission by

the clerk of the superior court in recording the filing of a judgment-renewal affidavit.

## I.

On December 1, 1972, appellee Hamilton Dan Crye obtained a $16,000 default judgment against appellant Judy Edwards in the Superior Court of Arizona. As monetary judgments expire in Arizona if not renewed every five years, *see generally* Ariz.Rev.Stat. Ann. ("A.R.S.") §§ 12–1551 (Supp.1992) and 12–1611 to –1613 (1982), Crye attempted to renew his judgment in 1977, 1982, and 1987, the years pertinent to this appeal. On the first and third occasions, he met the statutory requirement that one renewing a money judgment file "an affidavit for renewal with the clerk of the proper court." A.R.S. § 12–1612(A).[1] Superior court records, however, contain no affidavit of renewal for 1982.

On November 20, 1990, Edwards initiated the present proceedings by moving in the superior court for a determination that the 1987 affidavit was ineffective to renew a judgment that had expired for lack of renewal in 1982. She asked the court to declare the judgment void.

Crye claimed in response that he had in fact submitted a timely renewal affidavit to the clerk in 1982 and asked the court to correct the record pursuant to Rule 60(a) to reflect the omitted filing. Alternatively, Crye argued that his 1987 renewal affidavit cured any omission in 1982 and that, in any case, Edwards had waited so long to make her argument that laches had set in.

In support of the first argument, Crye stated by affidavit that on August 18, 1982, he submitted a renewal affidavit for filing to the clerk of the superior court. At the same time, he requested and received a certified copy of his 1977 renewal affidavit. He then recorded the certified 1977 affidavit and what

turned out to be an uncertified copy of the 1982 affidavit at the county recorder's office. The recorder's office stamped both affidavits as recorded on August 18, 1982.

To account for the absence of the 1982 renewal affidavit in the files of the superior court, Crye argued that the clerk must have either neglected to file the document, filed it but then lost it, or mistakenly returned the affidavit to appellee, uncertified and unfiled, when handing him a certified copy of the 1977 affidavit.

The superior court denied Edwards's motion to declare the judgment void and awarded Crye fees of $1500.00. Edwards brings this timely appeal.

## II.

The record does not indicate which of Crye's arguments the trial court accepted in denying Edwards's motion to declare Crye's judgment void. However, we must affirm if there is any proper basis to do so. *Rancho Pescado, Inc. v. Northwestern Mut. Life Ins. Co.*, 140 Ariz. 174, 680 P.2d 1235 (App.1984). And because no fact findings were requested, we must assume that the trial court resolved every issue of fact in a way that supports the judgment. *Blackmore v. Honnas*, 141 Ariz. 354, 687 P.2d 362 (App. 1984); *Christy v. Hoke*, 127 Ariz. 169, 618 P.2d 1095 (App.1980).

### A.

Two of Crye's arguments have no merit. First, his laches argument wrongly presupposes that a judgment debtor must act to profit from a judgment creditor's failure to renew a judgment. Under the applicable statute, it is the judgment creditor who must act to prevent expiration, not the debtor who must act to achieve it.[2] If the creditor fails

---

1. A.R.S. § 12–1612(A) provides:

   A judgment for the payment of money which has been entered and docketed in the civil docket or civil order book of the United States District Court or superior court, whether originally rendered by it or entered upon a transcript of judgment from another court, or recorded with the county recorder, may be renewed by filing an affidavit for renewal with the clerk of the proper court.

2. A.R.S. § 12–1551(B) provides:

   No execution or other process shall be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit or process pursuant to § 12–1612 or an action is brought thereon within five years from the date of the entry of the judgment or of any renewal thereof.

to renew the judgment, it expires. The judgment debtor need do nothing.

■ Second, filing a formally proper renewal affidavit in 1987 would not have sufficed, standing alone, to revive a judgment that had lapsed in 1982. Section 12–1612(A) explicitly requires a judgment holder to renew by "filing an affidavit for renewal with the clerk of the proper court." Crye either presented a renewal affidavit to the clerk of the court for filing on August 18, 1982, or he did not. If he did not, he could not redeem his omission and revive his unrenewed judgment by filing a renewal affidavit five years too late.

■ The case therefore boils down to the question whether Crye gave the trial court a proper basis to find, and relieve him of, a clerical error under Rule 60(a), Arizona Rules of Civil Procedure. To that question we now turn.

### B.

Rule 60(a) provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on motion of any party and after such notice, if any, as the court orders." The federal counterpart to our rule has been interpreted to permit relief from the clerical mistakes of the court, clerk, jury, or party. *Pattiz v. Schwartz,* 386 F.2d 300 (8th Cir.1968).

■ Trial courts must generally engage in factfinding to determine whether to grant relief under Rule 60(a), as under comparable Rule 11(e) of the Arizona Rules of Civil Appellate Procedure. In *Todd v. Todd,* 137 Ariz. 404, 670 P.2d 1228 (App.1983), the trial court was obliged as factfinder to determine pursuant to Rule 11(e) whether a filing error by this court's clerk caused a timely appeal to be recorded as untimely. In this case, similarly, the trial court was obliged as a factfinder pursuant to Rule 60(a) to resolve Crye's allegation of a filing error by the clerk of the superior court.

We find that the evidence supported the trial court's ruling. First, Crye stated by

affidavit that he personally brought the 1982 renewal affidavit to the court on August 18, 1982, and handed it to the clerk for filing. Second, the evidence makes clear that the 1982 affidavit was no subsequent fabrication. Because Crye recorded an uncertified copy of that affidavit with the county recorder's office on August 18, 1982, the evidence establishes both that the affidavit then existed and that Crye was engaged in an effort to renew his judgment on that date. Third, it is clear that, in pursuit of that objective, Crye had documentary dealings with the clerk of the superior court on August 18, 1982. The 1977 renewal affidavit copy that Crye filed with the county recorder's office on August 18, 1982, had been certified by the clerk's office on that date, and Crye also introduced a receipt from the clerk's office dated August 18, 1982.

Had Crye attempted to prove his case with no more than an affidavit of self-serving attestations, his claim would undoubtedly have failed. However, Crye's documentation of his activities at the clerk's and recorder's offices on August 18, 1992, tended to corroborate his claim. That evidence, of course, was circumstantial and left the ultimate fact— whether he asked the clerk to file the 1982 affidavit—to inference. But Arizona has long recognized "that direct and circumstantial evidence have equal probative worth"; and our supreme court has long "abandoned the rule that each link in a chain of circumstantial inference must exclude every other reasonable hypothesis." *Lohse v. Faultner,* 176 Ariz. 253, 259, 860 P.2d 1306, 1312 (App. 1992) (citing, *inter alia, State v. Harvill,* 106 Ariz. 386, 391, 476 P.2d 841, 846 (1970); *Andrews v. Fry's Food Stores,* 160 Ariz. 93, 96, 770 P.2d 397, 400 (App.1989)). Moreover, Edwards neither presented contrary evidence nor requested an evidentiary hearing at which she might have cross-examined Crye. Thus, we have only Crye's uncontested evidence, which sufficed in our opinion to permit a trial court finding that Crye had properly submitted the 1982 renewal affidavit to the clerk of court for filing on August 18, 1982, and that the absence of the affidavit from the clerk's record was a product of a clerical error, not his own.

■ The duty to file a paper is discharged when the filer places the paper in the hands of the proper custodian at the proper time and in the proper place. *See State v. Noren,* 621 P.2d 1224 (Utah 1980); *State v. Brady,* 763 S.W.2d 38 (Tex.Ct.App.1988); *State v. Green,* 68 Or.App. 518, 684 P.2d 575 (1984). Accordingly, we find that Crye presented a sustainable case for relief pursuant to Rule 60(a).

We add that we have limited our decision to the issue raised in the trial court: that is, whether the record may be corrected to reflect that the 1982 renewal affidavit was timely filed. Whether Crye properly renewed the judgment *lien* pursuant to A.R.S. section 12–1613(C) was not an issue before the trial court; therefore, we do not consider the issue on appeal. *See* Ariz.R.Civ.App.P. 13(a); *Schoenfelder v. Arizona Bank,* 165 Ariz. 79, 90, 796 P.2d 881, 892 (1990); *Stewart v. Mutual of Omaha Ins. Co.,* 169 Ariz. 99, 108, 817 P.2d 44, 53 (App.1991) (both cases holding that appellate court need not address issue on appeal that was not argued in trial court).

### III.

■ Edwards has also appealed from the trial court's grant of attorney's fees to Crye. Crye asked for $3,003.00 in fees pursuant to A.R.S. sections 12–341.01(A), 12–341.01(C), and 12–349 (1992). The court awarded fees in the reduced amount of $1500.00. We find that the trial court erred in awarding any attorney's fees. Because this case does not arise from a contract, fees were improper under section 12–341.01(A). And though Edwards has lost her challenge to the validity of the 1982 renewal of judgment, her position was fairly debatable and far from the kind of groundless or harassive litigation that would warrant a fee award under sections 12–341.-01(C) or 12–349.

For the foregoing reasons, we affirm the trial court's denial of appellant's motion to declare the 1982 renewal invalid and the judgment void, we reverse the trial court's grant of attorney's fees to Crye, and we deny Crye's request for attorney's fees on appeal.

TOCI, P.J., and CLABORNE, J., concur.