NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

AA AMERICAN DEVELOPMENT CORPORATION, an Arizona
corporation, *Plaintiff/Appellee*,

*v.*

JOHN LEWANDOWSKI, an unmarried man, *Defendant/Appellant*.

No. 1 CA-CV 14-0777
FILED 12-3-2015

Appeal from the Superior Court in Maricopa County
No. CV2005-050844
The Honorable Thomas L. LeClaire, Judge (Retired)

**REVERSED AND REMANDED WITH INSTRUCTIONS**

COUNSEL

Barry Becker, P.C., Phoenix
By Barry C. Becker
*Counsel for Plaintiff/Appellee*

John Lewandowski, East Wenatchee, WA
*Defendant/Appellant*

_____

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

_____

**N O R R I S**, Judge:

¶1          This appeal arises out of a superior court order denying Defendant/Appellant John Lewandowski's motion to strike a judgment renewal that Plaintiff/Appellee AA American Development Corporation prematurely filed and his motion to strike a judgment lien that AA American recorded based on the judgment.  On appeal, Lewandowski argues the statute governing judgment renewals, Arizona Revised Statutes ("A.R.S.") section 12-1612(B) (Supp. 2015), required the superior court to grant his motion because AA American filed its renewal affidavit over 30 days too soon, thus failing to meet the statutory requirements.  We agree.

**DISCUSSION**

¶2          On September 26, 2007, the superior court entered a $26,976.50 judgment in AA American's favor.  AA American recorded the judgment on April 22, 2008, obtaining a judgment lien under A.R.S. § 12-1613 (Supp. 2015).  Nearly five years later, AA American notified Lewandowski by mail that it planned to file a renewal affidavit "in the next several days." AA American filed the renewal affidavit three days later on May 21, 2012, and recorded it on May 25, 2012.

¶3          On March 11, 2013, Lewandowski's attorney offered to settle the judgment for $10,000.  The parties apparently could not reach a settlement, and about 16 months later, on July 3, 2014, Lewandowski moved to strike the judgment renewal and the judgment lien, alleging AA American had filed the renewal affidavit before the allowable time period specified in A.R.S. § 12-1612(B).  The superior court denied the motion, finding Lewandowski "could have objected to the early filings, but did not," and "[w]hether this was a tactical strategy or an oversight . . . it constitute[d] a waiver."

I.     Premature Renewal of Judgment

¶4          Lewandowski argues that because AA American did not file its renewal affidavit within the statutorily defined 90-day window under

A.R.S. § 12-1612(B), the renewal was ineffective. Reviewing the interpretation of the statute de novo, we agree that by filing outside of the 90-day renewal period, AA American failed to renew the judgment. *See State ex. rel. Indus. Comm'n of Ariz. v. Galloway*, 224 Ariz. 325, 327, ¶ 7, 230 P.3d 708, 710 (App. 2010) (when "the issues presented on . . . appeal require statutory interpretation, our review is de novo").

**¶5**　　　　Under A.R.S. § 12-1612(B), a judgment creditor may file a renewal affidavit "within ninety days preceding the expiration of five years from the date of entry of . . . judgment." "[S]trict compliance with the renewal provisions is required to effect a renewal," *Galloway*, 224 Ariz. at 329-30, ¶ 17, 230 P.3d at 712-13, and "timeliness of the affidavit . . . is not subject to modification by the court." *Id.* at n.5.

**¶6**　　　　Here, the superior court entered the judgment on September 26, 2007, and so the 90-day period for AA American to file its affidavit of renewal began June 28, 2012, and ended September 25, 2012. By filing its affidavit of renewal on May 21, 2012, AA American filed too early. Thus, the renewal affidavit was ineffective.

**¶7**　　　　Conceding that it prematurely filed the renewal affidavit, AA American nevertheless argues its filing substantially complied with the purpose of the statute—which is to provide a simple mechanism for potential creditors to search for outstanding judgments—because court clerks and county recorders now maintain their records on computers which can be easily accessed and searched.[1] Thus, AA American contends, "[e]lectronic filing has now eliminated any need for the ninety day window to accommodate a renewal search."

**¶8**　　　　We reject this argument. First, AA American did not raise it in the superior court, and "[w]e will not consider issues not properly presented to the trial court." *Paloma Inv. Ltd. P'ship v. Jenkins*, 194 Ariz. 133,

---

[1]AA American also argues "Lewandowski has not presented any rationale why the early filing of the renewal affidavit defeats the purpose of the statute." This argument misses the point that it was AA American's obligation, as the judgment creditor, to comply with the statutory renewal requirements. *See Crye v. Edwards*, 178 Ariz. 327, 328-29, 873 P.2d 665, 666-67 (App. 1993) ("Under the applicable statute, it is the judgment creditor who must act to prevent expiration, not the debtor who must act to achieve it. If the creditor fails to renew the judgment, it expires. The judgment debtor need do nothing.").

137, ¶ 17, 978 P.2d 110, 114 (App. 1998) ("New arguments may not be raised for the first time on appeal.").

**¶9**        Second, even assuming arguendo that all Arizona clerks and recorders now maintain their records on computers, the purpose of the statute remains unchanged. The statute greatly minimizes the search efforts required by potential creditors because they "need only search the docket of the court in which the original judgment was entered for the ninety days preceding the five-year expiration date to determine whether a judgment has been renewed by affidavit." *Fid. Nat'l Fin. Inc. v. Friedman*, 225 Ariz. 307, 311, ¶ 21, 238 P.3d 118, 122 (2010) (discussing A.R.S. § 12-1612(B)). Although computers may make it easier to search, computers do not eliminate the legislative purpose of requiring creditors to search only a specific time period. Indeed, the Legislature "provided strict temporal and filing limitations on the affidavit process" for a reason, and it is for the Legislature to amend those limitations if and when they see fit. *Id.*

II.    Waiver

**¶10**        AA American also argues on appeal, as it did in the superior court, that Lewandowski's failure to object to the prematurity of the renewal affidavit until July 2014, despite having notice of the filing by at least March 11, 2013, constituted a waiver. Lewandowski argues that as the debtor, he was not obligated to notify AA American that it had filed too early. Because the facts are undisputed regarding Lewandowski's alleged waiver, *see supra* ¶¶ 2-3, we "determine de novo whether the trial court correctly applied the substantive law to those facts." *Voland v. Farmers Ins. Co. of Ariz.*, 189 Ariz. 448, 450-51, 943 P.2d 808, 810-11 (App. 1997).

**¶11**        "Waiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment." *Jones v. Cochise County*, 218 Ariz. 372, 379, ¶ 22, 187 P.3d 97, 104 (App. 2008) (citation and quotation omitted). "A clear showing of intent to waive is required for waiver of rights." *Minjares v. State*, 223 Ariz. 54, 58, ¶ 17, 219 P.3d 264, 268 (App. 2009) (quoting *Goglia v. Bodnar*, 156 Ariz. 12, 19, 749 P.2d 921, 928 (App. 1987)). Here, nothing in the record indicates Lewandowski expressly, voluntarily, or intentionally relinquished his right to assert that AA American's judgment renewal was void. The issue, thus, is whether Lewandowski's conduct in not objecting to the renewal filing before July 2014 warrants inferring an intentional relinquishment of his defense. It does not.

**¶12**        "Waiver by conduct must be established by evidence of acts inconsistent with an intent to assert the right." *Jones*, 218 Ariz. at 379, ¶ 23,

4

187 P.3d at 104.  Here, Lewandowski's conduct reflected nothing more than mere passivity.  But, as recognized above, *see supra* ¶ 7 n.1, A.R.S. § 12-1612(B) requires the judgment creditor to act to prevent expiration; the judgment debtor is not obligated to do anything.  *Crye*, 178 Ariz. at 328-29, 873 P.2d at 666-67.  Thus, Lewandowski's delay in asserting the defense of premature filing did not constitute a waiver.

III.    Judgment Lien

**¶13**        AA American's failure to properly renew its judgment caused the judgment lien to expire.  Once a creditor properly records a judgment, it "shall become a lien for a period of five years from the date it is given, on all real property of the judgment debtor" except property exempt from execution.  A.R.S. § 33-964(A) (2013).  Creditors may renew a lien to extend beyond the five-year period pursuant to A.R.S. § 12-1613(C), but such an extension "requires a renewal of the underlying judgment."  *Hall v. World Sav. & Loan Ass'n*, 189 Ariz. 495, 502, 943 P.2d 855, 862 (App. 1997).  As explained, AA American failed to renew the underlying judgment, and the lien therefore expired as well.

## CONCLUSION

**¶14**        For the foregoing reasons, we reverse the superior court's order denying Lewandowski's motion to strike the judgment renewal and judgment lien.  We remand to the superior court and instruct it to enter an order granting Lewandowski's motion to strike the judgment renewal and judgment lien.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama