NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DUSTIN MATTHEWS, *Petitioner/Appellant*,

*v.*

ROSEANN ROBLES, *Respondent/Appellee*.

No. 1 CA-CV 16-0774 FC
FILED 10-26-2017

Appeal from the Superior Court in Maricopa County
No. FC2012-093973
The Honorable Richard J. Hinz, Judge *Pro Tempore*

**AFFIRMED**

**APPEARANCES**

Dustin Matthews, Tempe
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Margaret H. Downie joined.

**C A M P B E L L**, Judge:

¶1        Dustin Matthews ("Father") appeals the denial of his petition to enforce parenting time and the award of attorney fees in favor of Roseann Robles ("Mother"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Pursuant to a paternity judgment entered in December 2013, Father and Mother were awarded joint legal decision-making authority with Father having parenting time during the week from 6:30 a.m. through 4:30 p.m. and alternating weekends.

¶3        In September 2016, Father filed a petition to enforce, seeking to compel Mother's compliance with the parenting time order. The underlying facts were not disputed. The maternal grandparents picked up the child from day care on weekdays prior to 4:30 p.m. Father did not get off work until 5 p.m. If Father could leave work early, he called Mother to request the child be left at day care—in that case, Father picked up the child and parented him until 4:30 p.m. Mother testified she would have made the child available to Father by having the maternal grandparents return with the child had he asked. According to Mother, "[t]hat's not ever actually come up as an issue thus far."

¶4        After an evidentiary hearing, the family court denied the petition, finding as follows:

> Mother is not refusing to allow Father to exercise his parenting time. The parties need to communicate in an open and honest manner about the welfare of the child. If Father is able to leave work early to exercise his parenting time Monday through Friday from 6:30 a.m. to 4:30 p.m., he shall communicate such to Mother at least 30 minutes in advance. If Mother or the maternal grandparents pick the child up early, the Court does not find it constitutes a violation of Father's parenting time as it appears that Mother is willing to allow Father to have the child at that time if Father is able to leave work early.

¶5        Thereafter, the family court awarded Mother $850 in attorney fees, concluding that Father's position was unreasonable because (i) he was never denied "any physical parenting time" and (ii) "it is mainly an issue of control for [him]." *See* Ariz. Rev. Stat. ("A.R.S.") § 25-324 (attorney fees).

Father timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2). *See In re Marriage of Dorman,* 198 Ariz. 298, 300, ¶ 3 (App. 2000).[1]

## DISCUSSION

### I. Petition to Enforce Parenting Time

¶6        Father argues the family court (1) "revoked" his constitutional right to make decisions concerning the care, custody, and control of the child without due process and (2) "violated" his right under Arizona law to make routine decisions regarding the child during his parenting time, *i.e.,* whether it was acceptable for the maternal grandparents to pick up the child before 4:30 p.m. *See* A.R.S. § 25-401(2), (5).

¶7        We view the evidence in the light most favorable to sustaining the family court's ruling, deferring to its factual findings unless clearly erroneous. *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015); *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012). We defer to the family court to decide witness credibility and weight to give the evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13 (App. 1998). We review de novo questions of law, including the interpretation of a decree or court order. *Danielson v. Evans,* 201 Ariz. 401, 406, ¶ 13 (App. 2001). We also review de novo an alleged denial of due process. *Jeff D. v. Dep't of Child Safety*, 239 Ariz. 205, 207, ¶ 6 (App. 2016).

¶8        Father argues the family court "revoked" his constitutional right to make decisions concerning the care, custody, and control of the child without due process. But a party asserting a denial of due process must show prejudice, *e.g., Gamboa v. Metzler*, 223 Ariz. 399, 402, ¶ 17 (App. 2010), and Father has shown none. Father also argues the court "violated" his right under Arizona law to make routine decisions regarding the child during his parenting time, *i.e.,* whether it was "acceptable" for the maternal grandparents to pick up the child before 4:30 p.m. *See* A.R.S. § 25-401(2), (5). Even assuming an error on this basis, the error was harmless. *See* Ariz. R. Fam. Law P. 86 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). Father offers no persuasive explanation why it was *unacceptable* for the maternal grandparents to pick the child up early from

---

[1] Mother did not file an answering brief. In our discretion, we decline to consider her failure to file an answering brief a confession of reversible error. *See Gonzales v. Gonzales*, 134 Ariz. 437, 437 (App. 1982).

day care when such action does not prevent him from exercising his allotted parenting time.

## II.  Attorney Fees

**¶9**      Father argues the family court erred by awarding Mother attorney fees under A.R.S. § 25-324 because she did not request fees on this basis, his "reasonableness was not in question" within the meaning of the statute, and the court failed to evaluate the financial resources of both parties. We review de novo questions of law, including the application of a fee statute. *Burke v. Ariz. State Ret. Sys.*, 206 Ariz. 269, 272, ¶ 6 (App. 2003); *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 205, ¶ 5 (App. 2014).

**¶10**      The family court was not required to make findings of fact because Father did not request them. *See Myrick v. Maloney*, 235 Ariz. 491, 494-95, ¶ 10 (App. 2014). Thus, we assume the court resolved each issue of fact in a way that supports its decision. *See Murren v. Murren*, 191 Ariz. 335, 337, ¶ 8 (App. 1998) (citing *Crye v. Edwards*, 178 Ariz. 327, 328 (App. 1993)); *Horton v. Mitchell*, 200 Ariz. 523, 526, ¶ 13 (App. 2001). Although A.R.S. § 25-324 lists "reasonableness" and "financial resources" as factors, a fee "applicant need not show both a financial disparity and an unreasonable opponent in order to qualify for consideration for an award." *Magee v. Magee,* 206 Ariz. 589, 591 n.1, ¶ 8 (App. 2004); *see also Rinegar v. Rinegar*, 231 Ariz. 85, 90, ¶ 23 (App. 2012) (recognizing fee award may be based on financial disparity alone). The family court's findings regarding the reasonableness of Father's position were supported by the evidence. Accordingly, its decision to award Mother attorney fees was not an abuse of discretion.

## CONCLUSION

**¶11**      For the foregoing reasons, we affirm the denial of Father's petition to enforce parenting time and the award of attorney fees. Because

Father is not the prevailing party, we deny Father's request for fees and costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA