OPINION
BALES, Justice.
¶ 1 Before suing the state or its subdivisions, a person generally must file a notice of claim with the prospective defendant in compliance with Arizona Revised Statutes (“A.R.S.”) section 12-821.01(A) (2003). We hold that proof of mailing a notice of claim may create a material issue of fact as to its filing even though the State denies receiving the notice.
I.
¶2 James Lee’s car crashed through a highway guardrail; the accident seriously injured Lee and resulted in the death of three passengers. Lee and representatives of the passengers (collectively “Lee”) filed a complaint against the State, alleging negligent design, construction, and maintenance of the roadway and guardrail. The State moved to dismiss the complaint, claiming it never received a notice of claim as required by A.R.S. § 12-821.01(A).
¶ 3 In response, Lee submitted a “proof of service” signed under penalty of perjury by a staff member of his attorney’s firm, attesting that the notice had been sent to the attorney general via regular United States mail more than a week before the statutory deadline for its receipt. See A.R.S. § 12-821.01(A) (requiring filing of claim “within one hundred eighty days after the cause of action accrues”). The superior court granted the State’s motion and dismissed Lee’s claim.
¶ 4 The court of appeals affirmed, reasoning that the statute required Lee to show that the notice actually arrived at the attorney general’s office without relying on the common law rule that a letter properly mailed is presumed to reach its destination. Lee v. State, 215 Ariz. 540, 543 ¶¶ 10-12, 161 P.3d 583, 586 (App.2007). Because Lee had no evidence of delivery other than the fact of mailing, the court concluded that the “plaintiffs did not raise a material question of fact regarding whether the State actually received them notice.” Id. at 545 ¶ 17,161 P.3d at 588.
*237 ¶ 5 We accepted review to address this issue of statewide importance. We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).
II.
A.
¶ 6 Arizona law requires that “[pjersons who have claims against a public entity ... shall file claims with the person or persons authorized to accept service for the public entity ... as set forth in the Arizona rules of civil procedure.” A.R.S. § 12-821.01(A). If a claimant fails to file the notice of claim as required, the claim is barred. Id.
¶7 Both Lee and the State agree that “file” means actual delivery of the notice of claim to a person authorized to accept service. Both also agree that Lee was free to use regular mail to accomplish the filing. The dispute turns on the proof required to show that a filing occurred when the State denies receiving the notice of claim. The State argues that if it denies receipt and the claimant lacks contrary evidence other than proof of mailing, the claim must be dismissed under A.R.S. § 12-821.01(A). We disagree.
¶ 8 We have long recognized what is best termed a “mail delivery rule.” This common law rule has two components: one a presumption, and one a rale regarding the sufficiency of evidence. Under the mail delivery rale, there is a presumption that a “letter properly addressed, stamped and deposited in the United States mail will reach the addressee.” State v. Mays, 96 Ariz. 366, 367-68, 395 P.2d 719, 721 (1964); see also Rosenthal v. Walker, 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed. 395 (1884) (“The rule is well settled that if a letter properly directed is proved to have been ... put into the post-office ... it is presumed ... that it reached its destination____”). That is, proof of the fact of mailing will, absent any contrary evidence, establish that delivery occurred. If, however, the addressee denies receipt, the presumption of delivery disappears, but the fact of mailing still has evidentiary force. Andrews v. Blake, 205 Ariz. 236, 242 ¶ 22 n. 3, 69 P.3d 7, 13 n. 3 (2003). The denial of receipt creates an issue of fact that the fact-finder must resolve to determine if delivery actually occurred. Id.
¶ 9 The State argues that the mail delivery rule has no effect here because A.R.S. § 12-821.01(A) requires that a claimant “file” the notice of claim. This language, the State contends, means that Lee must present direct evidence that the notice was timely delivered, for instance, by presenting evidence of the receipt of a claim sent by certified mail or of physical delivery by the claimant or a courier. In other words, the State interprets “file” as implicitly limiting the type of proof that will suffice to show delivery of the notice.
¶ 10 By their terms, however, neither the word “file” nor the statute as a whole speaks to the proof required to show delivery. The State would have us read into the word “file” not only the requirement of actual delivery, but also an abrogation of the long-held understanding that mail properly sent will reach its destination. Such an interpretation goes against our prior conception of the mail delivery rule. In Andrews, we noted that the presumption would apply even though we interpreted the lease-option contract at issue to require “actual receipt ... of [the lessee’s] written exercise of the option.” 205 Ariz. at 241 ¶ 18, 69 P.3d at 12. The State attempts to distinguish Andrews because it concerned a private contract rather than a specific statutory filing requirement. This distinction is unpersuasive. Andrews is instructive precisely because it demonstrates that an “actual receipt” requirement, like the one imposed by AR.S. § 12-821.01(A), is compatible with the mail delivery rule.
¶ 11 Indeed, the State’s interpretation ignores the logic underlying the mail delivery rale. The rule is not a legal fiction; it reflects the commonly recognized fact that the mail almost always works. Thus, although a denial of receipt rebuts the legal presumption that a piece of mail was received, a factfinder may still infer from the fact of mailing that the mail did reach its destination. That is, even absent any presumption of receipt, mailing remains proba *238 five evidence that a letter was actually delivered to the designated recipient.
¶ 12 The legislature could have specified what sort of delivery constitutes a filing, or restricted the evidence relevant to showing something was filed, but it did not. New York law, for example, requires many claims to “be filed with the clerk ... and ... served upon the attorney general ... either personally or by certified mail, return receipt requested.” N.Y. Ct. Cl. Act § ll(a)(i) (McKinney Supp.2008). In New York, regular mail is therefore an insufficient method of filing a claim against the state and is not evidence that something was filed. See Philippe v. State, 248 A.D.2d 827, 669 N.Y.S.2d 759, 760 (1998) (affirming dismissal when claimant used ordinary mail to serve the state). In contrast, Arizona law does not require formal service and allows claimants to mail their notices to the state.[1]
¶ 13 The dissent argues that the statute precludes Lee from relying on proof of mailing because it requires a claimant to “file ... as set forth in the Arizona rules of civil procedure.” A.R.S. § 12-821.01(A). Dissent ¶¶ 26-28. The dissent’s reading of the statute omits critical language. Claimants must “file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure.” Id. (emphasis added). Arizona Rules of Civil Procedure 4.1(h)-(j) clearly “set forth” the “person or persons authorized to accept service” for various public entities. By contrast, nothing in the rules defines how filing must occur. The rules do not prohibit mail as a form of filing nor do they indicate that mailing, though probative, is inadmissible to prove filing. We agree with the dissent that to successfully file requires receipt, but we decline to interpret “file” to forbid a claimant from proving a contested filing by pointing to the fact of mailing.
¶ 14 The dissent believes that the reference to the rules of procedure “mandates that we treat the filing requirement under the notice of claims statute in the same manner as we and other jurisdictions have consistently treated filing with a court.” Dissent ¶ 32. The dissent then points to several cases that refuse to “apply the mailbox rule to the filing of a document with the clerk of court.” Id. These cases, however, are inapposite because of the differences between a court clerk and a party to the litigation.
¶ 15 Lee’s position with respect to the State is not “identical to that of a civil litigant filing a document with the clerk of court.” Dissent ¶34. The clerk of the superior court, for example, is a constitutionally authorized officer of a neutral body, one who is statutorily required to “take charge of and safely keep ... all books, papers and records which may be filed.” A.R.S. § 12-282(A) (2003 & Supp.2007); Ariz. Const, art. 6, § 23. There is no similar position in the attorney general’s office or in many of the local-level public offices that accept notices of claim.
¶ 16 A government office’s inability to locate a notice of claim may indicate it was never received, but it may also indicate that it was received and later misplaced. Which conclusion is more plausible in any given case will depend on the circumstances of the initial mailing and the intended recipient’s procedures, if any, for recording the receipt of mail.
¶ 17 The notice of claims statute directs claimants to file with a potential defendant. We do not think that the statute (either as drafted or as elided by the dissent) requires a court to treat a defendant’s denial of receipt as dispositive, just as we do not treat the plaintiffs proof of mailing as conclusively establishing that the filing did occur when receipt is denied. This is the sort of factual dispute appropriate for resolution by a fact-finder.[2] The State and its amici also urge *239 the Court to adopt the State’s interpretation of “file” because it best serves the purposes of A.R.S. § 12-821.01. A notice of claim serves to give the government notice of potential liability, an opportunity to investigate claims, the chance to avoid costly litigation through settlement, and assistance in budgeting. Deer Valley Unified Sch. Dist. No. 97 v. Houser, 214 Ariz. 293, 295 ¶6, 152 P.3d 490, 492 (2007). The State and amici argue that these purposes can be met only if the State actually receives the notice; thus, the claimant should bear the full risk of ensuring actual receipt without resort to the mail delivery rule.
¶ 18 There is some force to the State’s policy arguments but we are not convinced they are embraced in A.R.S. § 12-821.01(A). We agree that the statutory intent can be served only if the State receives the notice of claim, but absent a clearer legislative directive than the word “file,” we will not deprive Lee of the benefit of the mail delivery rule, a “traditional means of weighing evidence in order to determine whether receipt occurred.” Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1239 (11th Cir.2002) (internal quotation marks and citation omitted).
¶ 19 We hold that a filing under A.R.S. § 12-821.01(A) may be accomplished through the regular mail, and proof of mailing is evidence that the governmental entity actually received the notice. The implications of our holding are straightforward. If a claimant presents proof of proper mailing — timely sent, correctly addressed, and postage paid — and the public entity denies receipt, it is for the factfinder to determine if the claim was in fact received within the statutoiy deadline. If the claim was so received, and otherwise satisfies the statutory requirements, then the claimant may pursue the case on the merits. In contrast, despite facts from which a reasonable factfinder could conclude the notice of claim did reach the public entity, the dissent would extinguish the claim based merely on a defendant’s testimony that it has no record of receipt.
B.
¶20 Because we conclude that proof of mailing is evidence that the State received Lee’s notice of claim, we must. determine whether the trial court properly dismissed Lee’s lawsuit. We treat the State’s motion to dismiss as one for summary judgment because the parties presented material outside the pleadings. Ariz. R. Civ. P. 12(b). Judgment for the State is therefore appropriate only if there are no genuine issues of material fact and, with all reasonable inferences drawn in favor of Lee, a reasonable factfinder could agree only with the State’s position. Ariz. R. Civ. P. 56(c); see Orme Sch. v. Reeves, 166 Ariz. 301, 309-10, 802 P.2d 1000, 1008-09 (1990).
¶21 The State supported its motion by submitting an affidavit from an employee of the attorney general’s office who avowed that she searched the office’s record of notices received and found none from Lee. Lee, in turn, provided a “proof of service” signed under penalty of perjury and created on the day the notice was purportedly mailed, indicating that Lee’s attorney sent the notice, postage prepaid, to the attorney general well before the deadline for its receipt.
¶ 22 Applying the mail delivery rule as outlined in Andrews v. Blake, a reasonable factfinder could reject the State’s contention that a notice was never filed. After Lee presented proof sufficient to establish the mailing of the notice of claim, the State’s denial of receipt rebutted the otherwise conclusive presumption of delivery, but did not conclusively establish non-receipt. Rather, Lee’s proof of mailing and the State’s denial of receipt created a material issue of fact.
III.
¶ 23 For the foregoing reasons, we reverse the judgment of the superior court, vacate the opinion of the court of appeals, and remand to the superior court for proceedings not inconsistent with this opinion.
CONCURRING: MICHAEL D. RYAN and ANDREW D. HURWITZ, Justices.

. The State encourages claimants to mail their notices: the attorney general’s standard notice of claim form instructs claimants to mail the form to the attorney general.

. We decline to address whether a plaintiff's compliance with the requirements of A.R.S. § 12-821.01(A) regarding timely delivery of the notice of claim is an issue for the court or for the jury because the parties did not contest this issue below. Compare Bonner v. Minico, Inc., 159 Ariz. 246, 254, 766 P.2d 598, 606 (1988) (noting that the trial court may resolve ''jurisdictional issues, including those which involve disputed issues of fact” which do not go to the merits of the case), with Pritchard v. State, 163 Ariz. 427, *239 433, 788 P.2d 1178, 1184 (1990) (concluding that compliance with former version of the notice of claims statute was procedural and not jurisdictional).