242 P.3d 175

James L. LEE, individually and as the surviving husband of Teresa C. Lee, deceased; Kyung Hee Kim and Tae Gun Kim, children of Hyeon Bai Kim and Kyung Nim Bea Kim, deceased, Plaintiffs/Appellants,

v.

STATE of Arizona, a government entity, Defendant/Appellee.

No. 1 CA–CV 09–0657.

Court of Appeals of Arizona, Division 1, Department D.

Nov. 9, 2010.

Law Office of Glynn W. Gilcrease, Jr., P.C. By Glynn W. Gilcrease, Jr., Tempe, and Law Offices of David L. Abney By David L. Abney, Phoenix, Attorneys for Plaintiffs/Appellants.

Terry Goddard, Arizona Attorney General By George Crough, Daniel P. Schaack, Assistant Attorney Generals, Phoenix, Attorneys for Defendant/Appellee.

Holloway Odegard Forrest & Kelly, P.C. By Charles M. Callahan, Phoenix, Attorneys for Amicus Curiae Arizona Association of Defense Counsel.

## OPINION

WINTHROP, Presiding Judge.

¶ 1 When a governmental entity asserts an affirmative defense of non-compliance with Arizona's notice of claim statute, and a genuine issue of material fact exists concerning compliance, who resolves that factual question, the trial judge or a timely requested jury? We hold that, under these circumstances, the resolution of the factual question is reserved for the jury. Accordingly, we vacate the trial court's order deciding this factual question and dismissing the case, and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶ 2 This case arises out of an August 4, 2004 single-car accident that injured the driver, James L. Lee, and killed his wife, Teresa, and the car's other two passengers, Hyeon Bai Kim and Kyung Nim Bea Kim.

¶ 3 On August 2, 2005, Plaintiffs filed a complaint against the State, alleging that negligent design, construction, and maintenance of the road and guardrail contributed to the car accident. The State eventually demanded a jury trial. *See* Ariz. R. Civ. P. 38(b).

¶ 4 The State moved to dismiss the complaint, arguing that Plaintiffs' complaint was barred because the State had not received Plaintiffs' statutorily required notice of claim. *See* Ariz.Rev.Stat. ("A.R.S.") § 12–821.01 (2003).[1] In response, Plaintiffs submitted a copy of a notice of claim, accompanied by a declaration that the notice had been timely mailed to the Arizona Attorney General's Office. The trial court granted the motion

---

1. Before suing a public entity for damages, a plaintiff must file a notice of claim "with the person or persons authorized to accept service for the public entity ... as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues." A.R.S. § 12–821.01(A).

and entered an order dismissing Plaintiffs' claims. Concluding that summary judgment was appropriate, this court affirmed, but the Arizona Supreme Court reversed the trial court's judgment, vacated this court's opinion, and remanded. *See Lee v. State*, 218 Ariz. 235, 239, ¶ 23, 182 P.3d 1169, 1173 (2008), *vacating* 215 Ariz. 540, 161 P.3d 583 (App.2007). Relying in part on its earlier decision in *Andrews v. Blake*, 205 Ariz. 236, 69 P.3d 7 (2003), the supreme court held that, when a claimant presents proof that a notice of claim was properly mailed to the proper authorities, it creates a rebuttable presumption that the notice was received, and whether the State received the notice of claim is an issue to be determined by the factfinder:

> We hold that a filing under A.R.S. § 12–821.01(A) may be accomplished through the regular mail, and proof of mailing is evidence that the governmental entity actually received the notice. The implications of our holding are straightforward. If a claimant presents proof of proper mailing-timely sent, correctly addressed, and postage paid-and the public entity denies receipt, it is for the factfinder to determine if the claim was in fact received within the statutory deadline. If the claim was so received, and otherwise satisfies the statutory requirements, then the claimant may pursue the case on the merits.

*Lee*, 218 Ariz. at 239, ¶ 19, 182 P.3d at 1173. In applying its holding to the facts of this case, the court concluded:

> Applying the mail delivery rule as outlined in *Andrews v. Blake*, a reasonable factfinder could reject the State's contention that a notice was never filed. After Lee presented proof sufficient to establish the mailing of the notice of claim, the State's denial of receipt rebutted the otherwise conclusive presumption of delivery, but did not conclusively establish non-receipt. Rather, Lee's proof of mailing and the State's denial of receipt created a material issue of fact.

*Id.* at ¶ 22, 182 P.3d 1169.

¶ 5 The supreme court expressly declined to decide, however, whether resolution of this factual issue was one for the trial court as a disputed issue of fact not going to the merits of the case, *see Bonner v. Minico, Inc.*, 159 Ariz. 246, 254, 766 P.2d 598, 606 (1988), or was reserved for the jury, *see Pritchard v. State*, 163 Ariz. 427, 433, 788 P.2d 1178, 1184 (1990), as an affirmative defense. *See Lee*, 218 Ariz. at 238 n. 2, ¶ 17, 182 P.3d at 1172 n. 2 (comparing *Bonner* with *Pritchard* ).

¶ 6 Following some discovery on the filing/receipt issue, and briefing on the issue whether the supreme court's reference to a determination by "the factfinder" refers to the trial court or a jury, the trial court set an evidentiary hearing on the compliance issue, stating: "The Court finds that it has broad discretion to resolve issues of fact pertaining to preliminary matters that do not go to the merits of the case." After the August 17, 2009 evidentiary hearing, the trial court issued a signed minute entry ruling dismissing Plaintiffs' complaint with prejudice:

> Based upon the information presented, the Court finds that the Notice of Claim in this case was not received by the State. The State has rebutted any presumption raised and conclusively established non-receipt. Further, the Court finds that Plaintiff has failed to meet its burden of proof to show receipt by the State. California counsel's testimony regarding her office practices in general and this case in particular do not persuade the Court that the Notice of Claim was mailed properly as reflected on the service page of the copy of the document produced. Because the Notice of Claim was not filed, this case must be dismissed pursuant to A.R.S. § 12–821.01(A).
>
> IT IS ORDERED dismissing, with prejudice, Plaintiffs' Complaint.

¶ 7 Plaintiffs filed a timely notice of appeal, and we have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## ANALYSIS

¶ 8 In *Lee*, our supreme court determined that, based on the record as it existed at that time, the mail-receipt issue presented a genuine factual question; accordingly, the court remanded the case for resolution of that factual dispute. 218 Ariz. at 239, ¶¶ 19, 22–23, 182 P.3d at 1173 (stating that "it is for the

factfinder to determine if the claim was in fact received"). On remand, the trial court assumed the role of factfinder, which Plaintiffs assert was improper. The only issue in this appeal, then, is whether a jury, rather than the trial court, should have decided the disputed mail-receipt question raised under A.R.S. § 12–821.01.

¶ 9 We review *de novo* the trial court's interpretation and application of the law. *See State Comp. Fund v. Yellow Cab Co.*, 197 Ariz. 120, 122, ¶ 5, 3 P.3d 1040, 1042 (App.1999); *Blum v. State*, 171 Ariz. 201, 204, 829 P.2d 1247, 1250 (App.1992).

¶ 10 The State, relying largely on *Bonner*, argues that the notice of claim filing requirement is only an "administrative barrier" that does not pertain to the merits of the case— akin to a preliminary and/or jurisdictional question—and therefore presents a question for the trial court to resolve. Plaintiffs, however, rely on *Pritchard* in support of their assertion that the filing requirement for a notice of claim is procedural, not jurisdictional, and therefore constitutes an affirmative defense that must be resolved by a jury. *Pritchard* dealt with a previous version of Arizona's notice of claim statute, and in that decision our supreme court held that the notice of claim statute "is not jurisdictional but is analogous to a statute of limitations, [and] disputed issues of fact must be resolved by the jury, not the trial court." 163 Ariz. at 433, 788 P.2d at 1184. The State contends that the holding in *Pritchard* has been vitiated by subsequent revisions to Arizona's notice of claim statutory framework; however, the State has not presented and we have not identified any compelling argument that the logic of our supreme court's holding in *Pritchard* should not apply equally to the current version of the statute.

¶ 11 We also disagree that compliance with the notice of claim statute is, on this record, merely a preliminary question. In pertinent part, Rule 104(a) of the Arizona Rules of Evidence, which concerns the admissibility of preliminary questions, provides as follows: "Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court...." Compliance with the notice of claim statute is noticeably absent from Rule 104(a)'s list of preliminary questions, and we will not infer the rule's application to a circumstance not listed.

¶ 12 The State also argues that noncompliance with the notice of claim statute results in "a privilege from suit, not just a defense to liability." We disagree. In fact, our supreme court recently cited *Pritchard* in support of its holding that "[a]n assertion that the plaintiff has not complied with the notice of claim statute is an affirmative defense to a complaint." *City of Phoenix v. Fields*, 219 Ariz. 568, 574, ¶ 27, 201 P.3d 529, 535 (2009) (recognizing that compliance is an affirmative defense that can be waived). As such, a defense based on the failure to comply with A.R.S. § 12–821.01 must be preserved in either an answer or a motion to dismiss; otherwise, the defense is waived. *See id.; accord County of La Paz v. Yakima Compost Co.*, 224 Ariz. 590, 597, ¶ 7, 233 P.3d 1169, 1176 (App.2010) (citing *Fields* and *Pritchard*); *see also Lawson v. Arnold*, 137 Ariz. 304, 306, 670 P.2d 409, 411 (App.1983) (holding that a statute of limitations defense may be raised in a motion for summary judgment (citing *Weller v. Weller*, 14 Ariz.App. 42, 480 P.2d 379 (1971))).

¶ 13 Having concluded that noncompliance with notice of claim requirements is an affirmative defense similar to the accrual of statutes of limitations, we next turn to how Arizona courts resolve genuine, material factual disputes involving affirmative defenses. *See generally* Ariz. R. Civ. P. 8(c) (discussing affirmative defenses). In general, such disputes are questions of fact for the jury. *See Walk v. Ring*, 202 Ariz. 310, 316, ¶ 23, 44 P.3d 990, 996 (2002) (stating that "determinations of the time when discovery occurs and a cause of action accrues 'are usually and necessarily questions of fact for the jury'" (quoting *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 32, 955 P.2d 951, 961 (1998))); *accord Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 591, 898 P.2d 964, 969 (1995) (holding that the trial court correctly

let the jury decide when discovery of a contract injury occurred).[2]

¶ 14 If, however, a trial court finds that there is no genuine issue of material fact for a jury to consider, the issue may appropriately be disposed of by summary judgment. *See Lawson*, 137 Ariz. at 306, 670 P.2d at 411 (holding that the trial court should have granted the defendants' motion for summary judgment on limitations when the plaintiffs, in their opposition to the motion, failed to provide facts that would raise an estoppel issue); *see also Jones v. Cochise County*, 218 Ariz. 372, 381, ¶ 29, 187 P.3d 97, 106 (App. 2008) (concluding that, where the facts were undisputed, the question whether the county had waived the requirements of the notice of claim statute should be decided by the trial court as a matter of law).

■ ¶ 15 Other jurisdictions have addressed the factfinder issue in the "mailbox rule" context and have concluded, as we do now, that when receipt is genuinely in dispute, a jury makes the factual determination. *See McCray v. State Farm Fire & Cas. Ins. Co.*, 892 So.2d 363, 368 (Ala.2004) (holding that whether a customer received an insurance cancellation notice was a jury issue); *Swink & Co. v. Carroll McEntee & McGinley, Inc.*, 266 Ark. 279, 584 S.W.2d 393, 399–400 (1979) (holding that whether a bond sale confirmation was received was a jury question); *Wiley v. Bank of Fountain Valley*, 632 P.2d 282, 285–86 (Colo.Ct.App.1981) (holding that the trial court erred in refusing to submit to the jury the question whether the plaintiff received notice of the public sale of a security note); *cf. Andrews*, 205 Ariz. at 242, ¶ 22, 69 P.3d at 13 (citing *Nafstad v. Merchant*, 303 Minn. 569, 228 N.W.2d 548, 550 (1975), for the proposition that the "issue of whether [an] optionor had received [an] optionee's timely letters exercising [an] option to purchase property [was] submitted to [the] jury pursuant to [a] special interrogatory").

¶ 16 The State and *amicus* have argued that whether there is a procedural bar to a plaintiff's case should be determined expeditiously at the beginning of the litigation, before significant resources have already been committed to preparation and resolution of the case on the merits, and that the trial judge is in the best position to efficiently resolve such issue.[3] In that regard, they contend that this issue should be treated as

---

2. *See also Phelps v. Firebird Raceway, Inc.*, 210 Ariz. 403, 405, ¶ 11, 111 P.3d 1003, 1005 (2005) (relying on Article 18, Section 5, of the Arizona Constitution to conclude that a jury must decide if the affirmative defense of assumption of the risk precludes a plaintiff from recovering damages); *Pioneer Constructors v. Symes*, 77 Ariz. 107, 112–13, 267 P.2d 740, 744 (1954) (holding that, in an action on a note, the trial court's refusal to direct a verdict in favor of the plaintiff at the close of the defendants' evidence was proper, as there were issues for the jury regarding what constituted consideration for the note and whether the note was given because of an accord and satisfaction); *Peters v. Thor*, 40 Ariz. 417, 426, 12 P.2d 781, 783 (1932) (recognizing that the determination whether accord and satisfaction had been sustained was a jury determination); *Romero v. Sw. Ambulance*, 211 Ariz. 200, 205, ¶ 11, 119 P.3d 467, 472 (App.2005) (recognizing that a statute allowing a claimant's intoxication to be used as an affirmative defense in a civil action neither removed the question of liability from the jury nor required the jury to take particular action, but merely permitted the jury to find the claimant solely responsible for his or her injuries); *Standard Chartered PLC v. Price Waterhouse*, 190 Ariz. 6, 41, 945 P.2d 317, 352 (App.1996) ("Under art. 18, § 5 of the Arizona Constitution, contributory negligence and assumption of the risk are always questions of fact

for the jury." (quoting *Del E. Webb Corp. v. Superior Court*, 151 Ariz. 164, 169, 726 P.2d 580, 585 (1986))); *Sepo v. First Nat'l Bank of Ariz.*, 21 Ariz.App. 606, 609–10, 522 P.2d 562, 565–66 (1974) (concluding that failure of consideration was a question of fact for a jury to determine).

3. To bolster its argument that Plaintiffs were not entitled to a jury trial on the notice of claim issue, the State asserts that no historical common-law right to a jury trial existed in notice of claim cases. Of course, historically, "governments generally enjoyed sovereign immunity from suits sounding in tort, a tradition that carried over to this country." *Dickey v. City of Flagstaff*, 205 Ariz. 1, 3 n. 3, ¶ 9, 66 P.3d 44, 46 n. 3 (2003) (citing *Stone v. Ariz. Highway Comm'n*, 93 Ariz. 384, 389, 381 P.2d 107, 110 (1963) (quoting *State v. Sharp*, 21 Ariz. 424, 426, 189 P. 631, 632 (1920), for the proposition that "it is well settled by the great weight of authority that the state, in consequence of its sovereignty, is immune from prosecution in the courts and from liability to respond in damages for negligence, except in those cases where it has expressly waived immunity or assumed liability by constitutional or legislative enactment")). In fact, in Arizona, our supreme court did not abolish the common-law rule of sovereign immunity until 1963. *See id.* at 4, ¶ 14, 66 P.3d at 47 (citing *Stone*, 93 Ariz. at 387, 381 P.2d at 109).

an "unenumerated" motion to dismiss under Rule 12(b), and that factual disputes concerning the mail-receipt issue can quickly be determined by the trial judge, sitting as a finder of fact.[4] Relying on *Pavey, amicus* argues that "[j]uries decide cases, not issues of judicial traffic control." 544 F.3d at 741. In *Pavey,* the Seventh Circuit Court of Appeals concluded that a prisoner seeking damages after his arm was broken by what he alleged was excessive force by prison guards was not entitled to a jury trial on contested issues regarding his failure to exhaust administrative remedies. *Id.* at 741–42. Central to the court's reasoning in that case, however, was the fact that

> in many cases the only consequence of a failure to exhaust is that the prisoner must go back to the bottom rung of the administrative ladder; and in such a case one could envision a series of jury trials before there was a trial on the merits: a jury trial to decide exhaustion, a verdict finding that the prisoner had failed to exhaust, an administrative proceeding, the resumption of the litigation, and another jury trial on failure to exhaust. *That distinguishes the issue of exhaustion from deadline issues that juries decide.* A statute of limitations defense if successfully interposed ends the litigation rather than shunting it to another forum. If the defense is rejected, the case proceeds in the court in which it is filed.

*Id.* at 741 (emphasis added). In this case, the determination that Plaintiffs' notice of claim was not timely received by the State is a deadline issue that will result in dismissal of the complaint and a bar to Plaintiffs' claims. Additionally, if the State's defense is rejected, the case will simply proceed in the court in which it has been filed.

¶ 17 The State argues that this type of dispute could be determined by the court within a matter of days or weeks after a motion to dismiss has been filed. While such contention may or may not be true, this does not mean that the issue cannot be promptly and efficiently resolved by a jury. Where, as here, a material issue of fact has been timely raised (i.e., proof of mailing → rebuttable presumption → denial of receipt by governmental entity = material fact dispute), the court can immediately set a date for what likely would be no more than a one or two day jury trial on this limited issue. *See* Ariz. R. Civ. P. 42(b) (providing for bifurcation of trials). The parties may want to conduct some limited discovery directed at this discrete issue, and can stipulate or the court can easily direct that any discovery on the merits issues be deferred until after resolution of the notice of claim defense.[5] *See Pavey,* 544 F.3d at 742 ("We emphasize that in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved."). Although Plaintiffs have argued in the trial court and on appeal that the resolution of this affirmative defense should simply be part of the merits trial, we agree with the State that, in this circumstance, a jury determination on this factual issue should occur expeditiously.

### CONCLUSION

¶ 18 For the aforementioned reasons, we vacate the trial court's order granting summary judgment in favor of the State and remand for further proceedings consistent with this opinion.

CONCURRING: PATRICIA K. NORRIS and PATRICK IRVINE, Judges.

---

4. *See generally Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir.2003) (concluding that the trial judge, rather than a jury, must decide the issue of a prisoner's compliance with the duty to exhaust administrative remedies because "the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unremunerated Rule 12(b) motion rather than a motion for summary judgment" (citations omitted)), *cert. denied by Alameida v. Wyatt,* 540 U.S. 810, 124 S.Ct. 50,

157 L.Ed.2d 23 (2003); *but see Pavey v. Conley,* 544 F.3d 739, 741 (7th Cir.2008) (finding the reasoning of the *Wyatt* court "not persuasive," although agreeing with its result), *cert. denied,* —— U.S. ——, 129 S.Ct. 1620, 173 L.Ed.2d 995 (2009).

5. These and other procedural issues can be appropriately addressed in an early pretrial conference, pursuant to Rule 16(a), Ariz. R. Civ. P.