IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

M-11 LIMITED PARTNERSHIP, *Petitioner/Appellant*,

*v.*

DANIEL GOMMARD and ARIZONA DEPARTMENT OF
TRANSPORTATION, MOTOR VEHICLE DIVISION,
*Respondents/Appellees*.

No. 1 CA-CV 13-0582
FILED 06-12-2014

———————————————

Appeal from the Superior Court in Maricopa County
No.  LC2012-000446-001
The Honorable Crane McClennen, Judge

**VACATED AND REMANDED**

———————————————

COUNSEL

By Holly Davies, Louise Horowitz, Phoenix
*Counsel for Petitioner/Appellant*

Arizona Attorney General's Office, Phoenix
By Stephanie A. Lillie
*Counsel for Respondent/Appellee ADOT*

———————————————

**OPINION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in
which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

———————————————

**G E M M I L L,** Judge:

**¶1**           M-11 Limited Partnership ('M-11') appeals the superior court's dismissal of M-11's appeal of an administrative decision of the Arizona Department of Transportation, Motor Vehicle Division ('ADOT'). Because we conclude the superior court erred in not applying Arizona Rule of Civil Procedure 60(a) to determine if the record contained a clerical error regarding the date of filing of M-11's appeal, we vacate and remand for further proceedings.

## BACKGROUND

**¶2**           In December 2011, ADOT administratively extinguished M-11's title to a 1965 mobile home trailer and awarded title to Daniel Gommard. The final ADOT decision and order, dated June 19, 2012, was mailed to the parties on June 20, 2012. Arizona Revised Statutes ('A.R.S.') section 12-904(a) sets forth the procedure and deadline for commencing judicial review (appeal) of a final administrative decision:

> An action to review a final administrative decision shall be commenced by filing a notice of appeal within *thirty-five days* from the date when a copy of the decision sought to be reviewed is served upon the party affected. . . . Service is complete on personal service or *five days* after the date that the final administrative decision is mailed to the party's last known address.

(Emphasis added). In accordance with A.R.S. § 12-904(a), M-11's notice of appeal or complaint for judicial review was required to be filed within 40 days of the mailing on June 20, 2012, thereby making July 30, 2012, the last day to timely file. The superior court's appellate jurisdiction over such an appeal is statutory. *See Guminski v. Ariz. State Veterinary Med. Examining Bd.*, 201 Ariz. 180, 182, ¶ 8, 33 P.3d 514, 516 (App. 2001). The timely filing of an appeal under A.R.S. § 12-904(a) is a jurisdictional requirement, and a tardy filing results in a lack of subject matter jurisdiction and the appellant's loss of its right to seek judicial review. *See id*. The superior court "may not extend the time for the filing of a notice of appeal pursuant to A.R.S. § 12-904." Ariz. R. P. Jud. Rev. Admin. Dec. 2.

**¶3**           M-11 sought judicial review of ADOT's administrative decision. It signed and dated its complaint for judicial review on July 18, 2012, and certified that it was mailed that day to the clerk of the Maricopa County Superior Court and to ADOT. According to the superior court

record, the complaint was filed in the superior court clerk's office on August 7, 2012, eight days after the July 30 deadline.

**¶4** ADOT filed a motion to dismiss under Arizona Rule of Civil Procedure 12(b)(1), arguing that the superior court lacked jurisdiction because M-11 failed to timely file its complaint or notice of appeal. Gommard joined in the motion.[1] M-11 opposed the motion, arguing that its complaint was timely mailed and should be deemed to have been timely received for filing by the clerk of the superior court. M-11 pointed out that it mailed the complaint to ADOT on the same day - July 18 - that it mailed the complaint to the superior court for filing, and ADOT received its copy on July 20, well before the July 30 deadline.

**¶5** Based on the superior court record showing the complaint for judicial review was filed on August 7, 2012, the superior court concluded it lacked jurisdiction to consider M-11's appeal and therefore granted ADOT's motion and dismissed M-11's complaint against ADOT and Gommard. M-11 timely appeals, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## ANALYSIS

**¶6** We review de novo a superior court's grant of a motion to dismiss for lack of subject matter jurisdiction. *Church of Isaiah 58 Project of Ariz., Inc. v. La Paz County*, 233 Ariz. 460, 462, ¶ 9, 314 P.3d 806, 808 (App. 2013). We also review de novo the interpretation of statutes and rules. *Schwab Sales, Inc. v. GN Const. Co., Inc.*, 196 Ariz. 33, 35-36, ¶¶ 3,9 992 P.2d 1128, 1130-31 (App. 1998).

**¶7** Documents delivered by mail are considered filed as of the date of receipt by the clerk of the court. *See Crye v. Edwards*, 178 Ariz. 327, 330, 873 P.2d 665, 668 (App. 1993) ('The duty to file a paper is discharged when the filer places the paper in the hands of the proper custodian at the proper time and in the proper place.'); *see also Filing by Mail*, from the website of the Clerk of the Court, Maricopa County Superior Court, http://www.clerkofcourt.maricopa.gov/filing-by-mail.asp (last visited June 3, 2014) ('A person may file a document with the Clerk of the Court's Office by mail for civil, family, and probate matters. . . . The date of filing will be the date the documents are received by the Clerk's Office.').

---

[1] Respondent/Appellee Gommard has not participated in this appeal.

**Mail Delivery Rule**

**¶8** In its opposition to ADOT's motion to dismiss, M-11 first contended that the "mail delivery rule" should be applied to establish that its complaint for judicial review was timely received by the clerk of the superior court. In *Lee v. State*, 218 Ariz. 235, 182 P.3d 1169 (2008), our supreme court summarized the common-law mail delivery rule:

> We have long recognized what is best termed a "mail delivery rule." This common law rule has two components: one a presumption, and one a rule regarding the sufficiency of evidence. Under the mail delivery rule, there is a presumption that a "letter properly addressed, stamped and deposited in the United States mail will reach the addressee." That is, proof of the fact of mailing will, absent any contrary evidence, establish that delivery occurred. If, however, the addressee denies receipt, the presumption of delivery disappears, but the fact of mailing still has evidentiary force. The denial of receipt creates an issue of fact that the factfinder must resolve to determine if delivery actually occurred.

218 Ariz. at 237, ¶ 8, 182 P.3d at 1171 (citations omitted). We decline to determine if the mail delivery rule applies to an initial filing in superior court that commences a new action, *see Lee*, 218 Ariz. at 241-42, ¶¶ 28-34, 182 P.3d at 1175-76 (McGregor, C.J., dissenting), because even if generally applicable, the mail delivery rule addresses the issue of *whether* a document was received, not the issue of *when* a document was received by the clerk's office. Because the superior court clerk's office *received* M-11's complaint for judicial review, the mail delivery rule has no application here.

**¶9** We conclude, therefore, that the superior court correctly rejected M-11's argument based on the mail delivery rule.

**Rule 60(a)**

**¶10** In its opposition to ADOT's motion to dismiss, M-11 also sought relief under Arizona Rule of Civil Procedure 60(a), entitled "Clerical mistakes," the first sentence of which provides:

> Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own

initiative or on motion of any party and after such notice, if
any, as the court orders.

M-11 contended that the superior court clerk's filing date of August 7,
2012, was a clerical error. The evidence, according to M-11, showed that
the complaint should be deemed to have been received on July 20, 2012, or
a few days thereafter, and therefore in advance of the July 30 deadline for
commencing judicial review. M-11 submitted an affidavit and supporting
documents attesting to the mailing of the complaint on July 18 to the
superior court clerk's office and to ADOT, and the receipt by ADOT of its
copy on July 20. M-11 also pointed out that Gommard's answer was dated
and mailed, according to the mailing certificate, on October 22, 2012, but
not docketed in as filed by the superior court clerk until December 5, 2012.

¶11            The superior court did not agree that Rule 60(a) applied,
explaining:

> M-11 further contends, if the Complaint was not timely filed,
> it was because of clerical error in that somebody in the Office
> of the Clerk of the Court neglected to file the Complaint
> until August 7, 2012. M-11 thus contends this Court would
> have the authority under Rule 60(a) of the Arizona Rules of
> Civil Procedure to correct that clerical error. [ADOT] notes
> the Rules of Procedure for Judicial Review of Administrative
> Decisions provide as follows:
>
>> Upon motion for good cause shown or upon
>> stipulation, the superior court may extend any
>> period of time prescribed either by these rules
>> or by title 12, chapter 7, article 6, A.R.S.,
>> including the time for filing an answer or the
>> record on review, but it may not extend the
>> time for the filing of a complaint pursuant to
>> A.R.S. § 12-904.
>
> Rule 2, R.P. Jud. Rev. Admin. Dec. Assuming Rule 60(a)
> applied to these proceedings, Rule 60(a) would be a general
> rule, while Rule 2 is a specific rule, thus Rule 2 would
> prevail over Rule 60(a). Moreover, this Court concludes a
> court rule may not change a statutory requirement for the
> filing of a Complaint. Finally, Rule 60(a) applies only after a
> Superior Court has obtained jurisdiction; it does not give the

Superior Court the authority to grant itself jurisdiction it never obtained in the first place.

**¶12** We agree that the superior court does not have authority to extend the time for M-11's appeal nor to grant itself subject matter jurisdiction when none exists. But the superior court has jurisdiction to determine its own jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 (1998); *Morgan v. Hays*, 102 Ariz. 150, 152, 426 P.2d 647, 649 (1967). In accordance with Rule 60(a), the superior court has jurisdiction to determine if a clerical error exists in the record, to correct any such error, and then to determine if jurisdiction exists. M-11's request for relief under Rule 60(a) triggered the superior court's factfinding function, requiring it to determine if the filing date of record, August 7, 2012, was a clerical mistake and if the complaint might have been received by July 30, 2012. *See Crye*, 178 Ariz. at 329, ¶ 6, 873 P.2d at 667 (stating the superior court "must generally engage in factfinding to determine whether to grant relief under Rule 60(a)," in the context of determining if a clerical error "caused a timely appeal to be recorded as untimely"). If M-11 can prove that its complaint for judicial review was received by the superior court clerk's office on or before July 30, 2012, then the appeal is timely and the superior court has jurisdiction to address the merits of the appeal. The superior court erred in not applying Rule 60(a).

**¶13** ADOT points out that the superior court clerk's office has an obligation under Rule 4(a), Rules of Civil Procedure, to endorse on a complaint the day and hour of filing. We are confident that the superior court clerk's offices in all Arizona counties are careful and rarely make mistakes in promptly docketing the filings received by mail. But human error may occur from time to time, despite the best of practices and intentions.[2] Rule 60(a) provides the judicial mechanism for determining and correcting errors that may exist in the record. In remanding this issue to the superior court for further proceedings, we express no opinion on whether the August 7, 2012 filing date is in error.

---

[2] ADOT notes that the United States Supreme Court has observed that "a civil litigant who chooses to mail a notice of appeal assumes the risk of untimely delivery and filing." *Houston v. Lack*, 487 U.S. 266, 275 (1988). Nonetheless, it is possible that the complaint in this case was delivered to the superior court clerk's office by July 30, 2012.

**CONCLUSION**

**¶14** We vacate the superior court's judgment dismissing M-11's complaint for judicial review for lack of jurisdiction and we remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: gsh