NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

DAVIDSONLAW, P.C.,
*Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA DEPARTMENT OF ECONOMIC SECURITY,
*Defendant/Appellee*.

No. 1 CA-TX 15-0002
FILED 5-19-2016

---

Appeal from the Maricopa County Superior Court
No. TX 2012-000139
The Honorable Christopher T. Whitten, Judge

**VACATED AND REMANDED**

---

COUNSEL

Davidson & Kaffer PLLC, Scottsdale
By Frederick E. Davidson, Chad R. Kaffer
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

¶1        DavidsonLaw, P.C. appeals the tax court's judgment affirming the decision of the Appeals Board (Board) of the Arizona Department of Economic Security (DES), finding that DavidsonLaw did not establish good cause to reopen a hearing. For the following reasons, we vacate the tax court's judgment and remand to the Board.

### FACTS AND PROCEDURAL BACKGROUND

¶2        This case began when DES sent DavidsonLaw a formal determination of unemployment insurance liability concluding that DavidsonLaw was a successor employer to the Davidson Law Firm, P.C. As a result of this determination, DavidsonLaw's unemployment tax rate would be based on its "predecessor's experience rating account."[1] *See* A.R.S. §§ 23-613.A.3 and -733.A (West 2016).[2] In addition, DavidsonLaw became liable for "any taxes, penalties or interest due and unpaid by the predecessor" and any "benefits awarded based on wages paid by [the] predecessor" could be charged to DavidsonLaw.

¶3        After an unsuccessful request for reconsideration, DavidsonLaw contested DES's determination by filing a petition for hearing. *See* A.R.S. § 23-733.B. Acting on behalf of the Board, an administrative law judge (ALJ) held a hearing. *See id.* DavidsonLaw failed to appear at the hearing. Nevertheless, the ALJ proceeded with the hearing,

---

[1]     Pursuant to Arizona Revised Statute (A.R.S.) section 23-733.A, the account of a predecessor employer is transferred to the successor employer in order to establish the successor's unemployment tax rate. In this case, the transfer resulted in DavidsonLaw being attributed an unemployment tax rate of 5.25%. Absent the determination, DavidsonLaw would have paid tax at a rate of 2%.

[2]     Absent a change material to our decision, we cite to a statute's most recent version.

and heard evidence from DES in support of its determination. Thereafter, the Board issued a decision on the merits affirming DES's determination that DavidsonLaw was a successor employer.

**¶4** After receiving the ALJ's decision, DavidsonLaw filed a timely request for review that (1) challenged the merits of the successor employer determination, and (2) requested a re-hearing on the basis that it had not received notice of the hearing. *See* A.R.S. § 23-672.F.

**¶5** The Board held a second hearing to determine "[w]hether [Davidsonlaw had] good cause for failure to appear at the . . . hearing." As evidence of good cause, attorney Frederick Davidson testified on behalf of DavidsonLaw that he had not received notice of the hearing. The Board admitted DES's notice of hearing into evidence. The notice of hearing included DavidsonLaw's firm name and address on the first page, but DavidsonLaw's address did not appear on the mailing certificate on the last page. The Board found that because the notice of hearing was mailed to DavidsonLaw and not returned undelivered, there was an unrebutted presumption that DavidsonLaw had received it, and denied DavidsonLaw's request to reopen the hearing for failure to establish good cause.

**¶6** DavidsonLaw timely appealed the Board's decision to the tax court pursuant to A.R.S. § 41-1993.C. The tax court affirmed the Board's decision not to reopen the hearing and entered judgment in favor of DES. This timely appeal followed.[3] We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-170.C and 41-1993.D.3.

## DISCUSSION

**¶7** We will not disturb the tax court's affirmation of the Board's findings of fact "unless they are arbitrary, capricious, or demonstrate an abuse of discretion." *Sunpower of Ariz., Inc. v. Ariz. Dep't of Econ. Sec.*, 175 Ariz. 109, 111 (App. 1993). We are not so constrained, however, by its legal

---

[3] Because the tax court's judgment did not contain the necessary certification pursuant to Rule 54(c), Arizona Rules of Civil Procedure, this court stayed the appeal to allow DavidsonLaw to apply to the tax court for a signed order with the necessary certification. Thereafter, the tax court issued a signed order with Rule 54(c) certification, and the appeal was reinstated.

conclusions. *See Conference Res. Specialists of Ariz., Inc. v. Dep't of Econ. Sec. Appeals Bd.*, 199 Ariz. 314, 316, ¶ 8 (App. 2001). Rather, we determine de novo whether the Board and the tax court properly applied the law to the facts before them. *See Bowman v. Ariz. Dep't of Econ. Sec.*, 182 Ariz. 543, 545 (App. 1995); *Home Depot USA, Inc. v. Ariz. Dep't of Revenue*, 230 Ariz. 498, 500, ¶ 7 (App. 2012). Applying these standards, we address DavidsonLaw's argument that both the Board and the tax court abused their discretion by denying the request to re-open the administrative proceedings in light of DavidsonLaw's contention it did not receive notice of the hearing.

**¶8** Pursuant to Arizona Administrative Code (A.A.C.) R6-3-1503.B.3.b, a party who fails to appear may request a hearing "to determine whether good cause exists to reopen the [unattended] hearing." *See also* A.R.S. § 23-681.C (authorizing DES to adopt rules allowing a party who failed to attend a hearing to request reopening). Good cause exists when a party shows its failure to appear was either "beyond the reasonable control of the nonappearing party or due to excusable neglect." A.A.C. R6-3-1503.B.3.d. In support of its determination DavidsonLaw failed to show good cause for its failure to appear, the Board cited the "mail delivery rule," as endorsed by our supreme court more than fifty years ago in *State v. Mays*, 96 Ariz. 366 (1964). Under the mail delivery rule, "there is a strong presumption that a letter properly addressed, stamped and deposited in the United States mail will reach the addressee." *Id.* at 367-68.

**¶9** Although the Board references the mail delivery rule as its basis for determining that DavidsonLaw failed to show good cause for its absence at the hearing, in our review of the application of the rule, we find unresolved facts in the record on appeal.

**¶10** Recently, our supreme court explained how the presumption created by the mail delivery rule can be rebutted:

> [P]roof of the fact of mailing will, absent any contrary evidence, establish that delivery occurred. **If, however,** the addressee denies receipt, the presumption of delivery disappears, but the fact of mailing still has evidentiary force. The denial of receipt creates an issue of fact that the factfinder must resolve to determine if delivery actually occurred.

*Lee v. State*, 218 Ariz. 235, 237, ¶ 8 (2008) (emphasis added) (citations omitted); *accord Andrews v. Blake*, 205 Ariz. 236, 242, ¶ 22, n.3 (2003) ("The presumption is rebutted . . . when the addressee denies receipt.").

4

**¶11** Both parties agree *Lee* applies to this case. Relying on *Lee*, DavidsonLaw argues that it overcame the presumption of delivery when Mr. Davidson denied receipt of the notice at the second hearing. *See* 218 Ariz. at 237, ¶ 8. DES agrees DavidsonLaw overcame the presumption, but argues that evidence in the record supports a finding DavidsonLaw did receive the notice of hearing.

**¶12** In rendering its decision, however, the Board relied solely on *Mays* and A.A.C. R6-3-1404[4] in applying the mail delivery rule. In doing so, the Board concluded that DavidsonLaw had "not overcome the presumption that the hearing notice was served." The tax court affirmed the findings of the Board, holding that the Board was correct in concluding DavidsonLaw had not rebutted the presumption of mailing.

**¶13** Both the Board and the tax court erred, however, in two respects. First, the mail delivery rule only applies when a notice is "properly addressed." The notice submitted into evidence was missing DavidsonLaw's address on its mailing certificate, and the Board made no factual finding regarding the notice having been mailed to the proper address. On remand, the Board must determine whether the notice was "properly addressed" before the presumption of receipt pursuant to the mail delivery rule arises.

**¶14** Second, if the presumption of mailing arose, by denying receipt of the notice, DavidsonLaw rebutted the presumption of delivery. At that point, the Board was obligated to determine whether "delivery actually occurred." *See Lee*, 218 Ariz. at 237, ¶ 8. This it did not do.

**¶15** Accordingly, we remand to the Board to first determine whether the notice was mailed to the proper address. If the notice was properly addressed and mailed, then DavidsonLaw rebutted the resulting presumption of delivery and the Board must determine whether delivery actually occurred and whether DavidsonLaw had good cause for not appearing. If the Board determines the notice was delivered to

---

4 In relevant part, A.A.C. R6-3-1404.C provides:

> Any notice, report form, determination, decision, assessment, or other document mailed by the Department shall be considered as having been served on the addressee on the date it is mailed to the addressee's last known address if not served in person.

DavidsonLaw and that DavidsonLaw lacked good cause for failing to appear, the matter is concluded. If the Board determines that delivery did not occur or that DavidsonLaw had good cause for failing to appear, then DavidsonLaw is entitled to a hearing on the merits.

**¶16** To the extent that DavidsonLaw has not had an opportunity to present an argument on the merits, consideration of the merits will arise if the Board, on remand, finds good cause for DavidsonLaw's absence from the hearing or that the notice was not properly addressed. *Compare* A.A.C. R6-3-1503.B.3.c-d, j, *with* A.A.C. R6-3-1502.A.4. We express no opinion whether the Board must conduct another hearing or can make these findings based solely from the record.

**¶17** We deny DavidsonLaw's request for attorney fees on appeal because it failed to provide a statutory basis for the request. *See* ARCAP 21(a)(2); *Roubos v. Miller*, 214 Ariz. 416, 420, ¶ 21 (2007) (explaining that "[w]hen a party requests fees, it . . . must state the statutory or contractual basis for the award"). As the prevailing party on appeal, DavidsonLaw is entitled to recover its taxable costs upon compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

## CONCLUSION

**¶18** For the foregoing reasons, we vacate the decision of the tax court and remand to the Board to determine whether the presumption of delivery pursuant to the mail delivery rule arose and if so, to make factual findings associated with DavidsonLaw's rebuttal therefrom.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama