NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

CESAR VARGAS, *Petitioner/Appellee*,

*v.*

KRISTI VARGAS, *Respondent/Appellant*.

No. 1 CA-CV 24-0287 FC

FILED 11-12-2024

Appeal from the Superior Court in Maricopa County
No. FC2023-093296
The Honorable Lisa Stelly Wahlin, Judge

**AFFIRMED**

COUNSEL

Cesar Vargas, Chandler
*Petitioner/Appellee*

Kristi Vargas, Chandler
*Respondent/Appellant*

Arizona Family Law Solutions, Mesa
By Melissa Weiss-Riner
*Limited Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**H O W E**, Judge:

**¶1**         Kristi Vargas appeals from the denial of her Arizona Rule of Family Law Procedure ("Rule") 83 motion. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Kristi Vargas ("Mother") and Cesar Vargas ("Father") share three children. In 2023, Father filed for divorce.

**¶3**         On December 8, 2023, the court held an early resolution conference. Mother did not appear at the conference. After the conference, the court in a December 14, 2023 minute entry "affirm[ed] the **in-person** Trial on . . . **February 24, 2024 at 9:00 a.m.**" The court ordered the parties to exchange their list of witnesses and a copy of all exhibits that they intended to use at trial by January 24, 2024.

**¶4**         On January 17, 2024, the court issued a minute entry, "not[ing] that this matter is set for a Trial/Evidentiary Hearing on **February 21, 2024 at 9:00 a.m.**" The minute entry "affirm[ed] all orders contained in the Minute Entry dated December 14, 2023," but did not explain the discrepancy in the trial date. The court also ordered the parties to submit all exhibits to the court by February 14, 2024.

**¶5**         On February 20, 2024, the day before the hearing, Mother contacted the court to continue the hearing. The court told her she needed to either move to continue or appear and request a continuance at the hearing. On February 21, 2024, the court held the evidentiary hearing, but Mother did not appear. Because she neither moved to continue nor appeared at the hearing, the court proceeded in her absence.

**¶6**         At the hearing, Father testified that although Mother has been a stay-at-home mom, he often acted as the primary caregiver because she was overwhelmed with the children's care. Father testified that in 2017,

Mother jumped on him and hit him in a parking lot. He also testified that both parties had struck each other in two other altercations. He further testified that Mother has an opioid addiction and takes medication.

¶7        Based on Father's testimony, the court found that both parties had committed domestic violence. The court found further that Father had established a rebuttable presumption under A.R.S. § 25-403.04(A) that Mother's sole or joint legal-decision making was not in the children's best interests. Because the court found no evidence of recent drug testing or screening showing that Mother was not using drugs, the court found she had failed to rebut the presumption. Consequently, the court awarded Father sole decision-making authority but ordered a week-on/week-off parenting schedule.

¶8        Mother moved to vacate the dissolution decree and set a new trial, titling her motion as "RULE 83 MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR NEW TRIAL." She argued that she "received the order setting trial on 2/24/24 . . . and received no further communication from the court indicating the date of the trial had been rescheduled to 2/21/24." She argued that by being absent from the hearing, "she was denied the ability to present her side of the case and thereby was deprived of a fair trial." Specifically, she argued she "was not given an opportunity to provide her exhibits, information and testimony regarding her positi[]ons. In particular, Mother lost legal decision-making authority and her spousal maintenance claim was denied. Additionally, she was not able to refute Husband's testimony."

¶9        The court denied Mother's motion. She timely appealed from both the decree of dissolution and the denial of her Rule 83 motion. We have jurisdiction. A.R.S. § 12–2101(A)(1).

## DISCUSSION

¶10        On appeal, Mother argues her inability to be heard at the evidentiary hearing violated her due process rights. She argues her absence from the hearing constituted excusable neglect because she lacked notice that the date of the hearing had been changed from February 24 to February 21, 2024. She argues that had she attended the hearing, she would have testified about the domestic violence allegations and "very concerning issues about exposing the minor children to situations." She argues the court abused its discretion by denying her Rule 83 motion because the court's issuance of orders with conflicting hearing dates was an inadvertent mistake.

**¶11** We review the denial of Mother's Rule 83 motion for abuse of discretion. *Wisniewski v. Dolecka*, 251 Ariz. 240, 241 ¶ 5 (App. 2021). A court abuses its discretion if it applies an incorrect rule of law. *Id.* But we review an alleged due process violation de novo. *Griffin Found. v. Ariz. State Ret. Sys.*, 244 Ariz. 508, 517 ¶ 25 (App. 2018) (as amended).

## I.    Due Process.

**¶12** "Due process is flexible and calls for such procedural protections as the particular situation demands, and the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Samiuddin v. Nothwehr*, 243 Ariz. 204, 211 ¶ 20 (internal quotation marks and citations omitted). The family court enjoys broad discretion to "impose reasonable time limits appropriate to the proceedings." Ariz. R. Fam. Law P. 22(a); *see also* Ariz. R. Evid. 611, cmt. to 2012 amendment; *Findlay v. Lewis,* 172 Ariz. 343, 346 (1992) ("A trial court has broad discretion over the management of its docket. Appellate courts do not substitute their judgment for that of the trial court in the day-to-day management of cases."). "But the court's discretion is not limitless and cannot be exercised unreasonably." *Volk v. Brame*, 235 Ariz. 462, 468 ¶ 20 (App. 2014).

**¶13** When a court determines legal decision-making and parenting time, due process requires the parent be afforded notice of an opportunity to be heard and confront witnesses. *Cruz v. Garcia*, 240 Ariz. 233, 236 ¶ 11 (App. 2016). Mother argues that she did not see the January 17 minute entry and lacked notice that the hearing date had been changed to February 21.

**¶14** The record does not support Mother's argument that she lacked notice. On January 17, 2024, the court issued a minute entry stating that the evidentiary hearing was set for February 21, 2024. Mother does not argue that she did not receive this order, nor does she explain how she received all other court orders but not this one. Even if she did not "see" the January 17 order, we presume properly mailed documents are delivered to the recipient. *See Lee v. State*, 218 Ariz. 235, 239 ¶ 19 (2008). Although Mother's confusion between the conflicting hearing dates is understandable, she had over a month to move for clarification. When she finally contacted the court the day before the hearing, staff told her that she needed to either move to continue or appear and then request a continuance. She did neither. Whatever the reason Mother failed to see the January 17 order, she had notice of the February 21, 2024, hearing. Because she had notice of the hearing, her due process rights were not violated.

**¶15** Even if Mother's due process rights were violated, "[d]ue process errors require reversal only if a party is thereby prejudiced." *Volk*, 235 Ariz. at 470 ¶ 26. On appeal, Mother asserts that she would have testified about the domestic violence allegations, but the court did not apply against her the presumption against legal decision making under A.R.S. § 25-403.03(C). Rather, the court applied against Mother the presumption against legal decision making under A.R.S. § 25-403.04 because the court found she has abused drugs. She does not dispute this finding or present any argument of how she would have rebutted it. She likewise does not present any argument or evidence challenging the court's domestic violence finding. Mother cannot demonstrate prejudice.

## II.     Rule 83 Motion.

**¶16** Mother argues the court either should have granted a new trial because issuing conflicting minute entries was "an evident and inadvertent error." *See* Ariz. R. Fam. Law P. 85(b)(1) (providing as grounds "mistake, inadvertence, surprise, or excusable neglect"). Alternatively, she argues the court should have altered its judgment because either an "irregularity" in the proceedings deprived her of a fair trial, *see* Ariz. R. Fam. Law P. 83(a)(1)(B), or an "accident or surprise" occurred that could not reasonably have been prevented, *see* Ariz. R. Fam. Law P. 83(a)(1)(D). Mother argues that proceeding with the hearing in her absence deprived her of a fair trial and that the December and January orders with conflicting hearing dates constituted a "genuine error."

**¶17** In her opening brief, Mother first discusses the grounds for setting aside a judgment and for new trial under Rule 85. Mother, however, did not file a Rule 85 motion but instead filed a Rule 83 motion. Her motion before the superior court was titled, "RULE 83 MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR NEW TRIAL." Although the relief from judgment and new trial language borrow from Rule 85, she does not cite Rule 85 in her motion, instead block-quoting most of Rule 83.

**¶18** Whether we treat Mother's motion as a Rule 85 motion for new trial or Rule 83 motion to amend judgment, the court did not abuse its discretion because none of the grounds she cites apply. *See Hegel v. O'Malley Ins. Co., Agents & Brokers*, 117 Ariz. 411, 412 (1977) (holding that "irrespective of the title of a motion, if its substance shows clearly that it seeks relief under Rule 59(a) . . . the motion must be treated as a motion for new trial under Rule 59(a)"). She does not argue an irregularity occurred apart from the purported due process violation. As discussed, *supra*

¶¶ 12–15, Mother had notice of the hearing date, no due process violation occurred, and Mother suffered no prejudice.

¶19 Further, because Mother had over a month's notice of the hearing, neither a "mistake," "surprise," nor "excusable neglect" occurred. *See* Ariz. R. Fam. Law P. 85(b)(1). "Pure carelessness is not sufficient reason to set aside a [] judgment. Rather, the test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonable person under similar circumstances." *Goglia v. Bodnar*, 156 Ariz. 12, 20 (App. 1987). Although the December 8 order setting the hearing to February 24, 2024, appears to have been a mistake, once the court issued the January 17 order setting the correct February 21, 2024 date, Mother had over a month to move for clarification. She therefore should not have been surprised by the February 21 date. Waiting until the day before to call the court is not reasonable. Mother has failed to adequately argue either the Rule 83 or 85 grounds.

**CONCLUSION**

¶20 We affirm.

