.255 P.2d 188

**REED v. HUGHES.**

No. 5458.

Supreme Court of Arizona.

March 30, 1953.

to them herein as they there appeared, namely as plaintiff and defendant.

The agreement provided that plaintiff would (1) lease to defendant 4 feed pens at his yard at a rental of $150 per month for a term of six months, (2) furnish approximately 400 tons of hay to be ground and delivered in the feed troughs at a price of $28 per ton. It was further agreed that rental payments were to be made in advance on the first·of each month and that the hay used was to be paid for at the end of the current month. Defendant was to furnish a man to assist with the feeding.

The defendant by his answer admits the contract but denies any indebtedness due to plaintiff for the reason that he claims the plaintiff had breached the agreement by his inability to further perform in that the quantity of hay remaining in the barn was insufficient to fill the contract. He sets forth both by way of answer and counterclaim certain credits and offsets which exceed the amount plaintiff claims due under the contract.

The items constituting the defendant's counterclaim for damages were (a) expense of loading and transporting cattle from the plaintiff's yard when he was allegedly forced to move on January 28, 1949, (b) wages for an additional man, and (c) rise in price of hay for the 190 tons claimed to have been undelivered. No purpose would be served in setting out the details of these matters for the reason that there

---

Rawlins, Davis, Christy, Kleinman & Burrus, of Phoenix, for appellant.

Moeur & Moeur, of Phoenix, for appellee.

UDALL, Justice.

John T. Hughes (appellee), the owner and operator of a livestock feeding yard near Tempe, sued Emmett D. Reed (appellant), who was engaged in the business of buying, selling and feeding cattle, for a balance of $2,585.31 allegedly due him under the terms of a written lease and agreement dated October 1, 1948. Judgment was entered for appellee Hughes in the sum of $2,232, and an appeal was taken from this judgment and the denial of appellant's motion for a new trial.

The parties are before us in the reverse order of their appearance in the trial court but for convenience reference will be made

is either no legal basis for the allowance of such a claim or else the evidence was in sharp conflict thereon. We hold that the trial court did not err in denying recovery on the counterclaim or in failing to find a breach of contract on the part of plaintiff, for if plaintiff's witnesses are believed there was ample first class hay on hand to fill the contract.

■■ The only matter raised on the appeal that is deserving of serious consideration has to do with the manner by which the weight of the hay supplied defendant was computed. There is no dispute as to the number of bales delivered. It appears to be plaintiff's position that the parties had contracted in view of an established usage of accepting 30 bales as a ton where scales were not available; also that the hay delivered to defendant having been weighed in at an average of 29 bales to the ton when placed in plaintiff's barn, the defendant had received full weight when billed at the rate of 30 bales per ton. The defendant on the other hand maintains that there is no such usage and that in a privately conducted weighing the bales averaged only 57½ No. or 34.8 bales to the ton; that computed upon this basis there was an overall shortage on hay delivered of 40 tons, which at the agreed price of $28 would make a total difference of $1120 for which he was entitled to credit.

The contract called for approximately 400 tons of hay without specifying how or by whom the hay should be weighed. A ton means two thousand pounds. It was well known to the parties that there were no scales on the plaintiff's yard and it must be remembered that no specific hay was separated in the barn and designated as belonging to defendant. On the contrary the evidence shows that the daily needs of defendant were met by his men taking from the common pile such number of bales as were needed for their immediate feeding operations. Furthermore the evidence taken, as it must be, in the light most favorable to a sustaining of the judgment shows the following course of conduct: (a) defendant's men kept a current record on a post in the barn of the number of bales used (approximately 110), (b) the plaintiff took this data and posted it daily on to his books, (c) for the months of October, November and December the plaintiff billed defendant for the hay used on the basis of 30 bales constituting a ton, (d) the defendant did not, at the time, question such computation and paid in full for the billings on this basis, (e) it was not until in January that the defendant asserted the claim that he should from the first have been given 34.8 bales per ton, (f) Mr. McCreight, who was called as a witness for defendant, testified that during the same period involved he fed 182 tons of hay to his cattle from the same barn and accepted it on the basis of 30 bales weighing a ton and that this was the usage and custom in that area, and (g) several other witnesses testified to the same effect (though there was other evidence directly to the contrary).

The number one and two assignments have to do with the asserted error of the trial court in the admission of evidence. First it is claimed that the parol evidence rule was violated. It is fundamental that the agreement being in writing, all prior and contemporaneous oral agreements are deemed incorporated therein. The trial court by its rulings did not violate this rule. We find in the transcript no evidence of a subsequent oral agreement as to the number of bales to constitute a ton; the trial court however did properly admit evidence as to the conduct of the parties in carrying out the terms of their written agreement. There is no merit to this assignment.

Secondly it is urged that it was error to admit testimony as to custom and usage as this was not pleaded in the complaint and in any event it would be in conflict with section 76–118, A.C.A.1939, which makes it unlawful (except by agreement between the parties) to sell baled hay in any other manner than by weight. The matter of custom and usage is not one of the special matters required to be pleaded under Rule 9, Rules of Civil Procedure. Sections 21–413 to 21–419, A.C.A.1939. The defendant did not enter a single objection at the trial to any of the evidence adduced as to custom and usage, hence there was no adverse ruling made which can now be urged as error on appeal. Therefore it is apparent that the judge, as the evidence was in conflict thereon, could have based the judgment either on (1) a finding that there was in fact no shortage of weight, or (2) that the word ton as used in the written agreement meant 30 bales in keeping with the usage. The employment of usage and custom to define words in a contract is not unusual. See, Williston on Contracts, Rev.Ed., Section 650.

It should be noted that in determining this appeal we have had no assistance whatever from counsel for plaintiff as no answering brief was ever filed. To get this old (1950) appeal off the docket—we, upon our own motion ordered it submitted upon the record before us. We serve notice upon the bar that we do not intend to permit appeals to "wither on the vine".

Judgment affirmed.

PHELPS, LA PRADE, and JENNINGS, Superior Judge, concur.

STANFORD, C. J., disqualified and WINDES, J., is disqualified on account of having been the trial judge. The Honorable RENZ L. JENNINGS, Judge of the Superior Court of Maricopa County, was called to sit as a member of the court.