409 P.2d 307

William I. DUMES, Appellant,

v.

**HAROLD LAZ ADVERTISING COMPANY,** Inc., a corporation, C. P. M. Advertising Display Corp., a corporation, Trans-Continental Industries Corp., a corporation, Edward W. Powers, Jr., and Diane Powers, husband and wife, Appellees.*

No. 2 CA–CIV 60.

Court of Appeals of Arizona.

Dec. 30, 1965.

Dowdall, Harris & Brown, by Richard J. Dowdall, Tucson, for appellant.

Johnson, Darrow, D'Antonio, Hayes & Morales, by J. Mercer Johnson, Tucson, for appellee Laz Advertising Co., Inc.

John H. Rosenberg, Tucson, for appellees.

HATHAWAY, Judge.

Two appeals have been taken from this suit which was tried to the superior court without a jury. Our opinion in one of the appeals was given in Harold Laz Advertising Company v. Dumes, 2 Ariz.App. 236, 407 P.2d 777 (1965). We will now consider the appeal taken by Dumes from the denial of his motion for a new trial

* This appeal was filed with the Arizona Supreme Court and assigned that Court's

No. 7939. The matter was referred to this Court pursuant to § 12–120.23 A.R.S.

on the question of damages for the breach by appellees of his employment contract with them.

Dumes was engaged in the bus bench advertising business and held a franchise and a certificate of convenience and necessity for placing advertising on benches provided for public use in a portion of the City of Tucson. He associated with appellee Edward Powers for the purpose of purchasing from Harold Laz a bench advertising franchise covering 22 square miles of the City of Tucson. Dumes' business and the newly acquired business were consolidated through incorporation of the Harold Laz Advertising Company, Inc. by the parties. Powers became president of the corporation and Dumes was employed as general manager and exclusive salesman. Dumes was to be compensated for his services on a yearly salary basis in an amount equal to the difference between the total yearly dividends declared on capital stock which he was to acquire under the agreement and 50 per cent of the net proceeds realized by the corporation during the fiscal year. He was given the right to draw the sum of $175 per week against his prospective salary with no obligation to repay any of the amount so drawn. Powers agreed to remain personally responsible to Dumes under the employment contract which was reduced to writing. Dumes was employed under the contract for a period of three years with an option to renew his employment for an additional three years under the same terms. Prior to the expiration of the initial three years, he sent registered letters to Powers and the corporation notifying them of his election to exercise the option.

The trial court found that the employment agreement was valid and binding; that Dumas had fully performed the agreement; that Powers had discharged him without cause or legal justification; that Powers and the Harold Laz Advertising Company, Inc. had breached the agreement without cause or legal justification and that Dumes from the date of trial until the expiration of the initial three-year term of the employment agreement would be able to earn no more than $75 per week. The court refused to accept appellant's proposed finding of fact that he had exercised his option to continue the employment agreement.

The finding that the agreement is valid and binding, of course, includes the option clause as it is an integral part of the contract and is supported by the considerations recited therein. An option is an exclusive privilege to accept or reject a continuing offer within a specified time. Davison v. Rodes, 299 S.W.2d 591, 594, (Mo.App.1956).

The employment agreement clause on which appellant relies provides, " * * an option on the part of the seller (Dumes) to renew for an additional three years period upon the same terms and conditions." No specific method is provided for exercising the option, therefore any notice, oral or written is sufficient. Duprey v. Donahoe, 52 Wash.2d 129, 323 P.2d 903, 905 (1958); 1A Corbin on Contracts § 264; 55 Am.Jur., Vendor and Purchaser § 38.

The appellant testified that he had sent registered letters to appellees notifying them of his election to exercise the option. The uncontradicted testimony of an interested party may be rejected, Graham v. Vegetable Oil Products Company, 1 Ariz.App. 237, 401 P.2d 242, 246 (1965), but where the testimony of an interested party is supported by "disinterested corroboration," a rejection of that evidence amounts to arbitrary action by the court. In re Gary's Estate, 69 Ariz. 228, 233, 211 P.2d 815 (1949). Appellant's testimony was corroborated by registered receipts and a copy of the letters giving notice of his election to exercise the option. There was no denial of this testimony by the opposing parties. The failure to testify in opposition is itself some corroboration. 2 Wigmore on Evidence (3d ed.) § 289, p. 175.

In view of the findings by the court that the appellant was wrongfully discharged, he is entitled to damages from

the time of the wrongful discharge through the remainder of the term of his employment, including the period covered by the exercised option, less any sums which he is able to earn during the employment period. McCormick on Damages, § 158; See also Granow v. Adler, 24 Ariz. 53, 57, 206 P. 590 (1922).

Accordingly, the judgment is affirmed insofar as it awards damages to the appellant for the initial term of his employment and he is authorized to proceed without further delay to collect said damages. The case is remanded for a new trial solely on the issue of damages to appellant for breach of the employment contract for the additional three-year period.

KRUCKER, C. J., and MOLLOY, J., concurring.