491 P.2d 494

H. Walter BEVINS et al., Appellants,

v.

DICKSON ELECTRONICS CORPORATION, a Delaware corporation, and Donald C. Dickson, Appellees.

No. 1 CA–CIV 1501.

Court of Appeals of Arizona, Division 1,

Department A.

Dec. 9, 1971.

Rehearing Denied Jan. 17, 1972.

Review Denied Feb. 29, 1972.

Mackenzie, Bolze & Hirsch, by Albert H. Mackenzie, Phoenix, for appellants.

Miller, Byrnes & Christy, by William G. Christy, Scottsdale, for appellees.

CASE, Judge.

This is an appeal by defendants-counterclaimants and third-party plaintiffs from a judgment in favor of plaintiff and an order denying a motion for new trial. The parties will be referred to as they appeared in the trial court.

Plaintiff, Dickson Electronics, filed suit against the defendants, H. Walter Bevins and John E. Challinor and their wives, alleging a mistake in the distribution of 800 shares of Dickson Electronics stock to defendants and praying for return of the stock or the fair market value thereof. Defendants' answer alleged the stock was properly distributed to them pursuant to an oral stock option agreement entered into in June of 1960. Defendants counterclaimed, seeking compensatory and punitive damages, alleging that plaintiff breached its oral stock option by giving defendants a written option which varied the terms of the alleged oral agreement. In addition, defendants filed a third-party complaint against Donald C. Dickson, President of Dickson Electronics, alleging that he had caused the plaintiff to breach its oral agreement.

The matter was tried to the court, sitting without a jury. After a delay of some three years, the trial court adopted plaintiff's proposed findings of fact and conclusions of law and entered judgment for plaintiff and against defendants in the sum

of $14,000. The judgment was signed on 22 January 1970 and filed the next day.

The trial court made 44 detailed findings of fact. In reviewing findings of fact on appeal, we are required to accept them as true unless they are clearly erroneous or unsupported by any credible evidence in the record. Rule 52(a), Ariz.R. Civ.P., 16 A.R.S.; Bass Investment Co. v. Banner Realty, Inc., 103 Ariz. 75, 436 P.2d 894 (1968); Marquess v. Spaner, 15 Ariz. App. 342, 488 P.2d 698 (1971). We further must view the record in a light most favorable to upholding the judgment. Kubby v. Crescent Steel, 105 Ariz. 459, 466 P.2d 753 (1970). We will not set forth the findings *in haec verba* since after reviewing the testimony and exhibits, we are of the opinion that the findings are amply supported by credible evidence.

Defendants raise eleven questions, the following four of which require consideration on appeal:

1. Did Dickson Electronics through its President orally promise defendants that they would receive stock options to purchase 200 shares of stock at $2.50 for five years as an inducement to leave Motorola and work for Dickson?

2. Is the alleged oral option separate and distinct from the written option issued 15 August 1961 entitling defendants to exercise certain rights under the alleged oral option?

3. If the alleged oral option is not valid, what consideration was given by the company for defendants' *first* year of work?

4. Does defendants' first year of work without the promised option establish promissory estoppel or estoppel in pais?

An option is in essence a continuing offer and when supported by consideration it becomes a contract. Dumes v. Harold Laz Advertising Co., 2 Ariz.App. 387, 409 P.2d 307 (1965); Restatement of Contracts, § 24 (1932). Defendant is correct in stating that under some circumstances an oral option can exist separate and distinct from a written option, but the evidence in the instant case is conclusive that if such oral option ever existed it was merged into the written option of 15 August 1961. Reed v. Hughes, 75 Ariz. 250, 255 P.2d 188 (1953). This conclusion is buttressed by the fact that defendants for four years exercised their stock options under said written option agreement and never mentioned the alleged oral option. The findings of fact, together with a review of the evidence, indicate the alleged oral option was too indefinite to be considered a valid option.

Defendants contend that no consideration flowed to them during the first year of employment since the option agreement was not issued until 15 August 1961, approximately one year after they commenced employment. The evidence indicates to the contrary that defendants received ample consideration including their salaries for the first year, plus raises and bonuses and thereafter a written stock option.

The doctrines of promissory estoppel or estoppel in pais are urged by defendants as being applicable since defendants worked for one year without benefit of a stock option. Estoppel in pais or equitable estoppel has been defined as:

" . . . the effect of the voluntary conduct of a party, whereby he is absolutely precluded from asserting rights which might have otherwise existed as against another person who, in good faith, has relied upon such conduct and has been led thereby to change his position for the worse." Glendale v. Coquat, 46 Ariz. 478, 481, 52 P.2d 1178, 1180 (1935).

Promissory estoppel has been defined by our courts in the language of Restatement of Contracts, § 90 (1932) as follows:

"A promise which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee and which does induce such action or forebearance is binding if injustice can be avoided only by enforcement of

the promise. Waugh v. Lennard, 69 Ariz. 214, 224, 211 P.2d 806, 812 (1949). Neither form of estoppel is applicable herein. The evidence is clear that the discussions of the option prior to the commencement of employment were strictly preliminary in nature. Had Dickson never furnished any stock options and if the terms of the options could be specifically established from the preliminary negotiations the doctrine of promissory estoppel might have some applicability.

Defendants' entire appeal rests not on questions of law but questions of fact. After reviewing the record, we find sufficient credible evidence to support the findings of fact and since the conclusions of law are consistent therewith, we find no grounds for reversal.

The judgment is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.