NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

LELAND SNOOK, *Petitioner/Appellee,*

*v.*

MADALENA AGUILAR, *Respondent/Appellant.*

No. 1 CA-CV 17-0159 FC
FILED 12-26-2017

Appeal from the Superior Court in Maricopa County
No.  FN2016-051451
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Schmillen Law Firm, PLLC, Scottsdale
By James Robert Schmillen
*Counsel for Petitioner/Appellee*

Hawkins & Hawkins, PLLC, Mesa
By Mark W. Hawkins
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Peter B. Swann joined.

---

**M O R S E**, Judge:

**¶1**        Madalena Aguilar ("Wife") appeals from the decree dissolving her marriage to Leland Snook ("Husband").  For the following reasons, we vacate the orders directing Wife to reimburse Husband for certain separate and community expenses, but we affirm in all other respects.

## FACTS AND PROCEDURAL HISTORY

**¶2**        The parties were married in January 1991.  In February 2016, Husband filed a petition for dissolution.  To avoid incurring attorneys' fees litigating a temporary spousal maintenance order, *see* Ariz. Rev. Stat. (A.R.S.) § 25-315; Ariz. R. Fam. Law P. 47, the parties agreed that Husband would pay all expenses incurred during the dissolution—both community and separate.  After a one-day trial in January 2017, the family court entered a decree of dissolution, dividing the community property and debt, awarding Wife spousal maintenance of $5,000 per month for 10 years, and denying Wife's request for attorneys' fees "beyond what she has already received."

**¶3**        Wife timely appealed.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION[1]

**¶4**        We view the facts in the light most favorable to upholding the decree.  *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5 (App. 1998).  Because the family court "is in the best position to judge the credibility of witnesses and resolve conflicting evidence," we defer to its factual findings.  *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015); *see Gutierrez*, 193 Ariz. at 347, ¶ 13.  We assume the court resolved every issue of fact in a way that

---

[1] We address only those issues Wife presents in the statement of issues, including "every subsidiary issue fairly comprised within the statement." *See* Ariz. R. Civ. App. P. 13(a)(6).

supports its judgment. *Murren v. Murren*, 191 Ariz. 335, 337, ¶ 8 (App. 1998) (quoting *Crye v. Edwards*, 178 Ariz. 327, 328 (App. 1993)).

## I.    Biscuit and Charlie

**¶5**        Wife argues the dogs, Biscuit and Charlie, are her separate property and, therefore, the family court erred by awarding them to Husband.  "The characterization of property as separate or community is a question of law we review de novo." *Schickner v. Schickner*, 237 Ariz. 194, 199, ¶ 22 (App. 2015).

**¶6**        "Property acquired by either spouse during marriage is presumed to be community property, and the spouse seeking to overcome the presumption has the burden of establishing a separate character of the property by clear and convincing evidence." *Brebaugh v. Deane*, 211 Ariz. 95, 97–98, ¶ 6 (App. 2005) (quoting *Thomas v. Thomas,* 142 Ariz. 386, 392 (App. 1984)); *see* A.R.S. § 25-211(A).  Although Wife testified on redirect examination that the dogs were a gift to her from her nephews, she did not identify the dogs as separate property in her pretrial statement or otherwise satisfy her burden to raise the property status of the dogs as a contested issue for the family court. *Leathers v. Leathers*, 216 Ariz. 374, 378, ¶ 19 (App. 2007).

**¶7**        In this litigation posture, the family court did not err when it rejected the uncontradicted testimony of an interested party. *See Dumes v. Harold Laz Advert. Co.*, 2 Ariz. App. 387, 388 (1965); *Graham v. Vegetable Oil Prods. Co.,* 1 Ariz. App. 237, 241 (1965).  Because Wife did not demonstrate "the thing to be proved is highly probable or reasonably certain," *see Kent K. v. Bobby M.*, 210 Ariz. 279, 284-85, ¶ 25 (2005) (defining clear and convincing evidence), she failed to overcome the community property presumption. *See In re Marriage of Foster*, 240 Ariz. 99, 101-02, ¶¶ 10-12 (App. 2016) (concluding the family court did not err in rejecting evidence offered by Husband that he inherited guns from his brother).

## II.    Division of Property

**¶8**        In a dissolution proceeding, the family court "has broad discretion to achieve an equitable division" of the community property. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451 ¶ 13 (App. 2007); *see Toth v. Toth*, 190 Ariz. 218, 221 (1997); *see also* A.R.S. § 25-318(A).  Again, we view the evidence in the light most favorable to sustaining the court's ruling, and we will affirm if it is reasonably supported by the evidence. *Boncoskey,* 216 Ariz. at 451, ¶ 13.  We presume the court found all facts necessary to support

the property division "if the evidence on any reasonable construction justified it." *Neal v. Neal*, 116 Ariz. 590, 592 (1977).

### A.    Reimbursement

**¶9**        Wife argues the family court erred by ordering her to reimburse Husband for (1) $10,000 in separate expenses she incurred during the dissolution and (2) half of the amounts paid to the attorney who prepared a Qualified Domestic Relations Order ("QDRO"), the mediator, and half the cost for an appraisal of the Greer property.[2]  We agree.

**¶10**        The parties agreed that, in lieu of paying Wife spousal maintenance, Husband would pay all separate and community expenses pending the dissolution.  At trial, though, he requested reimbursement for some of these expenses, suggesting that Wife spent excessively and wasted community assets.  But because there was no spousal maintenance order, Wife was not given a "fixed amount" each month from which to pay her expenses.  And the family court expressly rejected Husband's accountings of the parties' expenses as separate or community, finding "no basis for how expenses are itemized other than Husband's own personal opinion."[3] Accordingly, because the record does not support the court's ruling, *see Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012) (stating that the superior court abuses its discretion by making a discretionary ruling the record does not support), we vacate the orders directing Wife to reimburse Husband for $10,000 in separate expenses she incurred during the dissolution, half of the amounts paid to the mediator and QDRO attorney, and half the cost for the Greer property appraisal.

**¶11**        Wife also argues the family court erred by ordering her to pay half of the 2016 tax liability.  However, the order explaining how the parties should handle the 2016 taxes was entered on March 2, 2017, almost a month after Wife filed the notice of appeal that opened this appeal.  Because the family court had no jurisdiction to issue this ruling, we vacate the order. *See City of Phx. v. Leroy's Liquors, Inc.*, 177 Ariz. 375, 380-81 (App. 1993).

---

[2] Per Wife's calculation, the family court improperly ordered her to pay $3,535 = 50% of $4,270 (QDRO attorney) + $2,000 (mediator) + $800 (appraisal).

[3] The family court relied on one such "list" (Exhibit 6) to support its finding that "Wife outspent Husband by almost $10,000.00."

### B. Waste

**¶12** Wife argues the family court abused its discretion by not awarding her $21,602, which she claimed was her share of post-tax community assets that Husband liquidated while the dissolution was pending because he spent his separate income "on his girlfriend and alcohol."[4]

**¶13** The family court is authorized to "adjust the value of the property assigned to each spouse so that neither spouse profits by misuse or concealment of the commonly-held property." *Martin*, 156 Ariz. at 456; *see* A.R.S. § 25–318(A), (C) (authorizing the family court to make an equitable division of community property after considering "excessive or abnormal expenditures, [or the] destruction, concealment or fraudulent disposition" of community property); *see also* A.R.S. § 25-319(B)(11). "[T]he spouse alleging abnormal or excessive expenditures by the other spouse has the burden of making a prima facie showing of waste." *Gutierrez*, 193 Ariz. at 346, ¶ 7.

**¶14** Wife did not carry her burden of proof on this issue. The family court found that "*neither* party acted like they were getting a divorce and instead spent money freely, without limitation, and without any practical restrictions. That is, *both* parties arguably squandered their 2015-2016 income on many things beyond the necessities of life." (Emphasis in original). "In balancing such equities, courts might reach different conclusions in similar cases without abusing their discretion." *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14 (App. 2010). On this record, we find no error.

---

[4] Wife suggests this issue "goes to the division of property, not waste." As she obliquely recognized in her pretrial statement, though, we use the term "waste" to describe excessive or abnormal expenditures from community property that must be accounted for when making an equitable distribution. *See, e.g., Gutierrez*, 193 Ariz. at 346, ¶ 6 (citing A.R.S. § 25–318(A) (recodified as A.R.S. § 25–318(C)), *Martin v. Martin*, 156 Ariz. 452, 458 (1988), and *Hrudka v. Hrudka*, 186 Ariz. 84, 93 (App. 1995), *superseded in part by statute on other grounds as recognized in Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 8 (App. 2014)).

### III.    Attorneys' Fees

**¶15**        Wife argues the family court erred by denying her request for attorneys' fees.[5]   The court may award reasonable attorney's fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings."  A.R.S. § 25-324(A).  We review an attorneys' fees award for an abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36 (App. 2011).

**¶16**        Wife suggests an "extraordinary disparity of income" mandates that she be awarded attorneys' fees. Wife is incorrect. *See Myrick,* 235 Ariz. at 494, ¶ 9.  The family court may award fees, but it is not required to do so.  *Alley v. Stevens*, 209 Ariz. 426, 429, ¶ 12 (App. 2004).  Here, after considering the statutory factors, the court denied Wife's request beyond the fees Husband had already paid.  We find no error.  *See Myrick,* 235 Ariz. at 494, ¶ 9 (explaining that the family court has discretion to deny a fee request after considering a financial disparity between the parties and the reasonableness of the parties' positions taken throughout the proceedings, though no factor controls).

**¶17**        Wife also suggests the family court should have required the parties to submit *China Doll* affidavits *before* ruling on the issue of attorneys' fees.[6]   Wife cites no legal authority for this suggestion, nor have we found any.  A *China Doll* application allows the court to assess the reasonableness of the fees requested.  *Schweiger,* 138 Ariz. at 187-88; *Orfaly v. Tucson Symphony Soc'y,* 209 Ariz. 260, 266, ¶ 23 (App. 2004).  It does not assist the court in determining whether a party is entitled to fees under § 25-324. *Cf. Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 490, ¶ 34 (App. 2007) (explaining that we review a trial court's application of § 12-341.01 de novo, but we review the amount awarded for an abuse of discretion); *see id.* at 490-91, ¶ 38 ("Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees.").

---

[5] Wife does not appeal the family court's award of $7,500 in attorneys' fees to Husband based on her "unreasonable actions in refusing to make good faith efforts to settle the case . . . and pursuance of claims of waste without merit."

[6] *Schweiger v. China Doll Rest., Inc.,* 138 Ariz. 183 (App. 1983).

**CONCLUSION**

**¶18** For the foregoing reasons, we vacate the orders directing Wife to reimburse Husband for $10,000 in separate expenses she incurred during the dissolution, half of the amounts paid to the QDRO attorney and the mediator, and half the cost for the Greer property appraisal. In all other respects, we affirm.

**¶19** Both parties request attorneys' fees on appeal pursuant to A.R.S. § 25-324. In our discretion, we deny their requests. We award costs to Husband as the successful party, upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA